KHOUZAM, Judge.
 

 Angel Manuel Nieves appeals his judgment and sentence for second-degree murder. Nieves contends that the trial court committed fundamental error when it instructed the jury on the lesser-included offense of manslaughter by act because the standard instruction in effect at the time of and given at his trial improperly imposed the additional element of “intent to kill” to that offense.
 
 [1]
 
 In support of his contention, Nieves relies on
 
 Montgomery v. State,
 
 — So.3d - (Fla. 1st DCA 2009),
 
 review granted,
 
 11 So.3d 943 (Fla.2009), in which the First District determined that the trial court fundamentally erred in giving the standard instruction on manslaughter by act in effect at the time of Montgomery’s trial, which was virtually identical to the instruction given at Nieves’ trial. This court, however, recently held that the instruction was not fundamentally erroneous.
 
 See Zeigler v. State,
 
 18 So.3d 1239, 1245-46 (Fla. 2d DCA 2009). Furthermore, unlike
 
 Montgomery
 
 and
 
 Zeigler,
 
 the jury in Nieves’ case was also instructed on the lesser-included offense of manslaughter by culpable negligence.
 

 Accordingly, we affirm Nieves’ conviction and sentence, and as we did in
 
 Zeig-ler,
 
 we certify conflict with
 
 Montgomery.
 

 Judgment and sentence affirmed; conflict certified.
 

 WALLACE and MORRIS, JJ., Concur.
 

 [1]
 

 . The instruction given in Nieves' case is no longer the standard instruction for manslaughter by act. The instruction, which was modified by the supreme court in December 2008, now reads: "In order to convict of manslaughter by intentional act, it is not nec-essaiy for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.”
 
 In re Standard Jury Instructions in Criminal Cases-Report No. 2007-10,
 
 997 So.2d 403, 403 (Fla.2008).