VILLANTI, Judge.
 

 Fagner Barros-Dias appeals his judgment and sentence for second-degree murder. He argues that the trial court erred in instructing the jury on the lesser-included offense of manslaughter because the standard jury instruction given at trial improperly added an additional element of “intent to kill” to the crime. Because he did not object at trial, Barros-Dias argues that the manslaughter instruction was fundamentally erroneous. We previously affirmed his conviction based on this court’s
 
 *371
 
 decision in
 
 Zeigler v. State,
 
 18 So.3d 1239, 1245-46 (Fla. 2d DCA 2009), but we certified conflict with
 
 Montgomery v. State,
 
 — So.3d-(Fla. 1st DCA 2009). The supreme court recently issued an opinion in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla. 2010) (finding standard jury instruction for manslaughter fundamentally erroneous), and Barros-Dias moved for rehearing based on the supreme court’s holding. We grant rehearing, but only to explain that the supreme court’s opinion does not change the outcome in Barros-Dias’ case because the jury in his case was instructed on both manslaughter by act and manslaughter by culpable negligence. We therefore affirm.
 

 The jury in Barros-Dias’ case was instructed on both second-degree murder and the lesser-included offense of manslaughter. Barros-Dias argues that, as in
 
 Montgomery,
 
 the manslaughter instruction read to the jury in his case was erroneous because it required the jury to find an intent to kill the victim in order to convict him of manslaughter. Thus, in his view, based on the instructions given by the court the jury was precluded from choosing between second-degree murder and manslaughter and had no option but to convict him of second-degree murder. For the reasons set forth below, we reject this argument.
 

 In
 
 Montgomery,
 
 the trial court instructed the jury on the lesser-included offense of manslaughter
 
 by act.
 
 — So.3d at -. The jury was instructed that to prove manslaughter the State had to prove only two things: (1) that the victim was dead and (2) that Montgomery intentionally caused her death.
 
 Id.
 
 On appeal to the First District the issue was “whether intent to kill is an element of the crime of manslaughter
 
 by act.” Id.
 
 (emphasis added). The First District held that intent to kill was not an element of manslaughter
 
 by act
 
 and, therefore, the trial court had fundamentally erred in the jury instruction.
 
 Id.
 
 The supreme court agreed with the First District.
 
 Montgomery,
 
 39 So.3d at 259-60. The supreme court’s
 
 Montgomery
 
 opinion specifically stated that although there are three forms of manslaughter (by act, by procurement, or by culpable negligence), its focus in reviewing
 
 Montgomery
 
 was “the crime of manslaughter
 
 by act.” Id.
 
 (emphasis added). The court then held that “the crime of manslaughter
 
 by act
 
 does not require the State to prove that the defendant intended to kill the victim.”
 
 Id.
 
 (emphasis added). It concluded that the standard jury instruction for manslaughter by act was fundamentally erroneous because it improperly required the jury to find that the defendant intended to kill the victim, thereby “impos[ing] a more stringent finding of intent upon manslaughter than upon second-degree murder.”
 
 Id.
 
 at 256.
 

 By contrast, in Barros-Dias’ case the court read the following manslaughter instruction:
 

 To prove the crime of manslaughter the State must prove the following two elements beyond a reasonable doubt:
 

 One. Tatiana Barros is dead.
 

 Two. Fagner Barros-Dias intentionally caused the death of Tatiana Barros. Fagner Barros-Dias intentionally procured the death of Tatiana Barros. [Or t]he death of Tatiana Barros was caused by the culpable negligence of Fagner Barros-Dias....
 

 I will now define culpable negligence for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty without any conscious intent to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care towards others. In order for negligence to be culpable it must be gross and
 
 *372
 
 flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life or of the safety of persons exposed to its dangers, or of such an entire want of care as to raise a presumption of a conscious indifference to consequences or which shows wantonness or recklessness or a grossly careless disregard for the safety and the welfare of the public, or such an indifference to the rights of others as to be equivalent to an intentional violation of such rights.
 

 The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily harm....
 

 Unlike in
 
 Montgomery,
 
 the instruction given by the trial court in this case gave the jury options as to the elements of manslaughter. The jury could find either: (1) that Barros-Dias “intentionally caused the death” of the victim
 
 or
 
 (2) that the victim’s death “was caused by the culpable negligence” of Barros-Dias. This additional instruction has recently been found sufficient to distinguish this case from
 
 Montgomery.
 

 In
 
 Singh v. State,
 
 36 So.3d 848 (Fla. 4th DCA 2010), the jury was read a manslaughter instruction almost identical to the instruction given in this case. The Fourth District held that the instruction was not erroneous because it gave the jury the option of finding manslaughter by culpable negligence.
 
 Id.
 
 at 849. Likewise, the First District — which issued the initial
 
 Montgomery
 
 opinion — has also held that the manslaughter instruction is not fundamentally erroneous when the jury is instructed on manslaughter by culpable negligence.
 
 See Salonko v. State,
 
 42 So.3d 801 (Fla. 1st DCA 2010). The First District explained:
 

 Although the jury found, by its second-degree murder verdict, that Appellant did not intend to kill the victim, based on the instructions given, it could have returned a verdict for the lesser-included offense of manslaughter by culpable negligence while still honoring its finding that there was no intent to kill. Unlike in
 
 Montgomery,
 
 the jury in the instant case was not directed to choose the greater offense simply because the lesser-included offense would have improperly required a more depraved level of intent. Therefore, Appellant has not shown that fundamental error occurred under this Court’s opinion in
 
 Montgomery.
 

 Id.
 
 at 803;
 
 see also Nieves v. State,
 
 22 So.3d 691, 692 (Fla. 2d DCA 2009) (noting the difference in jury instructions). For the same reason, we conclude that the manslaughter instruction given in Barros-Dias’ case did not constitute error.
 

 Judgment and sentence affirmed.
 

 WALLACE and LaROSE, JJ., Concur.