PER CURIAM.
Jeremy Haygood appeals his judgment of conviction for second-degree murder and his resulting sentence of life imprisonment. Relying in part on State v. Montgomery, 39 So.3d 252 (Fla.2010), he submits that the trial court committed fundamental error by delivering the then-standard jury instruction on manslaughter by act. Although Mr. Haygood’s argument is arguably supported by supreme court precedent, we adhere to the precedent of this district as established in Barros-Dias v. State, 41 So.3d 370 (Fla. 2d DCA 2010), and Nieves v. State, 22 So.3d 691 (Fla. 2d DCA 2009), and we accordingly affirm Mr. Haygood’s judgment of conviction. We certify the issue presented in this case as one of great public importance.
The evidence at trial showed that Mr. Haygood became angry at his girlfriend and head-butted, choked, and elbowed her. The impact to this woman’s head caused subdural bleeding, which in turn placed life-threatening pressure on her brain. She soon lost nearly all brain functioning and was removed from life support several hours later. In post-Miranda[1] interviews with police officers, Mr. Haygood admitted his actions but said his girlfriend’s death was accidental.
At the conclusion of Mr. Haygood’s trial for second-degree murder, the trial court delivered the standard instructions on murder in the second degree and manslaughter. The written manslaughter instruction provided, in pertinent part, as follows:
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. [The victim] is dead.
2. Jeremy Haygood intentionally caused the death of [the victim]
OR
The death of [the victim] was caused by the culpable negligence of Jeremy Haygood.
The instruction went on to define culpable negligence.
In Montgomery, the Florida Supreme Court held that manslaughter by act does not require proof of an intent to kill. 39 So.3d at 255-56. Rather, it is the intent to commit the act that results in death which supports the offense of manslaughter by act. Id. at 256. The court further held that it was fundamental error to give the then-standard instruction on manslaughter by act where the defendant was convicted of second-degree murder, which is only one step removed from the necessary lesser-included offense of manslaughter. Id. at 259. The court reasoned that, by “im-posfing] upon the jury a requirement to find that Montgomery intended to kill [the victim,]” the erroneous instruction interfered with the jury’s pardon power. Id.
*1037 This district referred to this issue in a brief opinion in Nieves. 22 So.3d at 692. There, this court certified conflict with the first district’s holding in Montgomery v. State, - So.3d -, 2009 WL 350624 (Fla. 1st DCA 2009), that giving the manslaughter by act instruction constituted fundamental error. Id. The court went on to state that, “unlike Montgomery and Zeigler [v. State, 18 So.3d 1239, 1242 (Fla. 2d DCA 2009) ], the jury in Nieves’ case was also instructed on the lesser-included offense of manslaughter by culpable negligence.” Id.
This district and others have now followed the language from Nieves to conclude that giving the erroneous manslaughter by act instruction is not fundamental error where the jury is also instructed on manslaughter by culpable negligence. See, e.g., Barros-Dias, 41 So.3d at 372; Singh v. State, 36 So.3d 848, 851 (Fla. 4th DCA 2010); Salonko v. State, 42 So.3d 801, 802 (Fla. 1st DCA 2010). In reaching this conclusion, the district courts appear to have adopted reasoning that is inconsistent with the “pardon power” rationale on which Montgomery is partially founded. Specifically, Barros-Dias and Salonko are based on the conclusion that because the manslaughter by culpable negligence instruction — -but not the erroneous manslaughter by act instruction- — was given to the jury, the jury was not “directed” by any erroneous instruction to find the defendant guilty of a greater offense. See Salonko, 42 So.3d at 803 (“[T]he jury in the instant case was not directed to choose the greater offense simply because the lesser-included offense would have improperly required a more depraved level of intent.”).
As the supreme court has observed, however, the jury’s “pardon power” is its ability to convict a defendant of a lesser offense even though there is evidence supporting the greater one. Sanders v. State, 946 So.2d 953, 957-58 (Fla.2006). The supreme court explained this concept in Pena v. State, 901 So.2d 781, 787 (Fla.2005):
A jury must be given a fair opportunity to exercise its inherent “pardon” power by returning a verdict of guilty as to the next lower crime. If the jury is not properly instructed on the next lower crime, then it is impossible to determine whether, having been properly instructed, it would have found the defendant guilty of the next lesser offense.
In this case, Mr. Haygood was charged with and convicted of fatally beating his girlfriend. Arguably, the evidence presented at trial is inconsistent with a theory of manslaughter by culpable negligence. Additionally, as for manslaughter by act, the instruction as given was flawed. Thus, if the jury believed Mr. Haygood’s act was an intentional one but not that he possessed the intent to kill, then neither form of manslaughter provided a viable lesser offense of which the jury could find Mr. Haygood guilty. Although the evidence unquestionably supports the jury’s verdict finding Mr. Haygood committed second-degree murder, it is impossible to speculate what the jury would have found had it been properly instructed that manslaughter by act does not require the intent to kill. In this regard, giving the flawed manslaughter by act instruction appears to run afoul of principles which the supreme court has articulated in Pena, 901 So.2d at 787, and Montgomery, 39 So.3d at 257-59.
In sum, adhering to the decisional law of this district, we affirm Mr. Haygood’s judgment of conviction. However, we certify the following question to the Florida Supreme Court as one of great public importance:
*1038 IF A JURY RETURNS A VERDICT FINDING A DEFENDANT GUILTY OF SECOND-DEGREE MURDER IN A CASE WHERE THE EVIDENCE DOES NOT SUPPORT A THEORY OF CULPABLE NEGLIGENCE, DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR BY GIVING A FLAWED MANSLAUGHTER BY ACT INSTRUCTION WHEN IT ALSO GIVES AN INSTRUCTION ON MANSLAUGHTER BY CULPABLE NEGLIGENCE?
KELLY and BLACK, JJ., Concur.
ALTENBERND, J., Concurs specially in part and dissents in part with opinion.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).