COHEN, J.
 

 Vishaul Paul was convicted of second-degree murder. This was Paul’s second trial; the first ended in a mistrial after a hung jury. The primary evidence against Paul was the testimony of his seventeen-year-old brother-in-law and codefendant, Dhanesh Hardeosingh, who entered a plea to second-degree murder with a negotiated sentence of seventeen and one-half years in the Department of Corrections.
 

 Paul’s wife was having an affair with the victim, -Jaiprakash' “Derek” Mohan. The State’s theory of the case was that Paul, his brother and Hardeosingh sought revenge by beating Mohan. During the beating, Mohan’s throat was slashed and he died. The State presented significant physical evidence tying Hardeosingh to the crime; the only physical evidence implicating Paul or his brother was evidence that a car similar to his brother’s was at a store where Hardeosingh purchased cleaning items to destroy evidence of the crime. Paul’s cell phone records, however, showed he was in contact with Hardeosingh on the night of the murder and a videotape showed Hardeosingh did not act alone. The defense theory was that the murder was a drug deal gone bad involving Har-depsingh and an unknown drug dealer.
 

 Only one issue raised on appeal merits discussion: whether the trial court fundamentally erred in giving the manslaughter by intentional act instruction disapproved of in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010).
 
 [1]
 
 Fundamental error only occurs when the error reaches down “ ‘into the validity of the trial to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ”
 
 Reed v. State,
 
 837 So.2d 366, 370 (Fla.2002), quoting
 
 State v. Delva,
 
 575 So.2d 643, 644-45 (Fla.1991). Before reaching this issue, we first address the State’s argument that any error was either waived or invited.
 

 During the charge conference, Paul’s attorney, referring to the first trial which resulted in a hung jury, stated: “I think the instructions — it’s on a single charge, so the instructions are rather straightforward. And I think they are the exact same instructions you gave the last time.” In response to the trial judge’s further inquiry whether there was any objection to simply reprinting the same instructions used in the earlier trial, defense counsel stated he had no objection. We do not agree that Paul’s attorney’s statement or his failure to object establishes waiver or invited error. Any discussion of fundamental error presupposes a failure to lodge a contemporaneous objection, a fact underlying the supreme court’s review in
 
 Montgomery
 
 and this court’s review of Paul’s trial. To the extent
 
 Joyner v. State,
 
 41 So.3d 306 (Fla. 1st DCA 2010), holds otherwise, we disagree.
 
 See also Reddick v. State,
 
 56 So.3d 132 (Fla. 5th DCA 2011).
 

 Turning to the merits, the jury was instructed on both manslaughter by culpable negligence and by intentional act. As to the latter, the jury was instructed that the State was required to prove two elements: the victim was dead, and the defendant “intentionally caused the death of [the victim].”
 
 [2]
 
 The supreme court disapproved of this instruction because manslaughter by
 
 *830
 
 act “does not require that the State prove that the defendant intended to kill the victim.”
 
 [3]
 

 Montgomery,
 
 39 So.3d at 255.
 

 In concluding that giving the erroneous instruction was fundamental error, the supreme court was concerned with potential juror confusion as to the differences between murder in the first degree, murder in the second degree and manslaughter by act. The supreme court stated:
 

 Although in some cases of manslaughter by act it may be inferred from the facts that the defendant intended to kill the victim, to impose such a requirement on a finding of manslaughter by act would blur the distinction between first-degree murder and manslaughter. Moreover, it would impose a more stringent finding of intent upon manslaughter than upon second-degree murder, which, like manslaughter, does not require proof that the defendant intended to kill the victim. Thus, we conclude that under Florida law, the crime of manslaughter by act does not require proof that the defendant intended to kill the victim.
 

 Id.
 
 at 256.
 

 This concern is not implicated in this case because the jury was also instructed on manslaughter by culpable negligence. Specifically, the jury was instructed as follows:
 

 I will now define “culpable negligence” for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
 

 The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
 

 We align ourselves with the First, Second, and Fourth Districts in holding that giving the manslaughter by culpable negligence instruction distinguishes
 
 Montgomery
 
 and addresses the primary concern which led to a determination that the giving of the manslaughter by act instruction constituted fundamental error.
 
 See Salonko v. State,
 
 42 So.3d 801 (Fla. 1st DCA 2010);
 
 Joyner v. State,
 
 41 So.3d 306 (Fla. 1st DCA 2010);
 
 Singh v. State,
 
 36 So.3d 848 (Fla. 4th DCA 2010); and
 
 Nieves v. State,
 
 22 So.3d 691 (Fla. 2d DCA 2009). AFFIRMED.
 

 GRIFFIN and SAWAYA, JJ., concur.
 

 [1]
 

 . The decision in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010), was issued approximately two weeks before the trial in the instant case began. Neither the State nor the defense cited
 
 Montgomery
 
 to the trial court.
 

 [2]
 

 . We note that Paul’s defense was not his state of mind or intent. Rather, he raised an alibi defense claiming to have been home in south Florida at the time of the commission of the crime.
 

 [3]
 

 . This court would also note that the supreme court approved an amendment to the standard jury instruction clarifying that, "in order to convict of manslaughter by intentional act, it is not necessary for the state to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death.”
 
 Montgomery,
 
 39 So.3d at 257. The amendment was published in 2008, well before Paul's trial.
 
 See In re: Standard Jury Instructions in Criminal Cases, 997
 
 So.2d 403 (Fla.2008).