DAVIS, Judge.
 

 Tyree Gland challenges his convictions and sentences for second-degree murder and delinquent in possession of a firearm. Mr. Gland was charged and convicted based on a series of events that began with fighting between two groups of young people in several locations in south St. Peters-burg and ended after a drive-by shooting resulted in the death of Deandre Brown. Mr. Gland and Raymond Adams were charged with second-degree murder, and Mr. Gland was identified as the shooter. On appeal, Mr. Gland raises four issues. We find no merit in any of the issues raised by Mr. Gland and affirm. We write, however, to explain our reasoning regarding two of the issues.
 

 Approximately a year after his arrest, while he was in custody awaiting trial, Mr. Gland had a fellow inmate tattoo his upper left shoulder with an inscription that read: “WANTED Det. Gibson $100,000.” Detective Gibson was the case agent assigned to the shooting investigation. The State sought to have the jury advised of this tattoo, arguing that it was evidence of Mr. Gland’s consciousness of guilt. Mr. Gland filed a motion in limine seeking to exclude the picture of the tattoo and any testimony related to it from trial. He argued that the tattoo was being used more as character evidence than evidence of consciousness of guilt. The trial court denied the motion, and the jury was shown the picture. In closing argument, the State argued to the jury as follows:
 

 No prior contact with this detective. He gets arrested. Sometime while he’s in jail, this appears on his arm. $100,000 reward for Detective Gibson. Consciousness of guilt. Arrogance about his guilt. Is that — is that the kind of person that something like “I’m gonna kill one of them f-n-,” would be rolling out his lips?
 

 Defense counsel objected, arguing that this was the very character argument that he had warned of in his motion. The trial court sustained the objection; however, there was no request for a curative instruction or a mistrial.
 

 On appeal, Mr. Gland argues that the picture of the tattoo coupled with the State’s closing argument amounted to an improper use of the tattoo as evidence of bad character. We agree that the picture of the tattoo should not have been admitted. However, even considering that error in conjunction with the State’s objectionable statements in its closing, we are satisfied beyond a reasonable doubt that this error did not affect the verdict and instead was harmless.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 The second issue that we write to address involved the jury instructions. At trial, the court read the standard jury instruction on manslaughter as a lesser-included offense of second-degree murder.
 
 [1]
 
 In instructing the jury, the trial court gave both the manslaughter by act instruction
 
 *218
 
 and the manslaughter by culpable negligence instruction. Initially, we note that Mr. Gland is correct that pursuant to
 
 State v. Montgomery,
 
 39 So.3d 252, 259 (Fla.2010), it was error for the trial court to give the instruction on manslaughter by intentional act which included the then-standard language requiring the State to prove that a defendant had an intent to kill the victim. However, the error was not fundamental in Mr. Gland’s case because the trial court also read the standard instruction on manslaughter by culpable negligence, an alternative way of proving the offense of manslaughter. That instruction contains no requirement that the jury find an intent to kill the victim. Where the manslaughter by culpable negligence instruction applies and is properly given, the giving of the erroneous standard instruction on manslaughter by intentional act is not fundamental error.
 
 Barros-Dias v. State,
 
 41 So.3d 370 (Fla. 2d DCA 2010);
 
 see also Haygood v. State,
 
 54 So.3d 1035 (Fla. 2d DCA) (certifying a question of great public importance seeking to determine if
 
 Bams-Dias
 
 applies even where the facts do not support a manslaughter by culpable negligence instruction),
 
 review granted,
 
 61 So.3d 410 (Fla.2011).
 

 Based on the facts presented in the instant case, the evidence supports Mr. Gland’s conviction for second-degree murder but also could reasonably have supported a verdict of manslaughter by culpable negligence.
 
 Cf. Haygood,
 
 54 So.3d at 1038 (Altenbernd, J., specially concurring in part; dissenting in part) (“This is a case in which the evidence unquestionably supports the jury’s verdict [of] second-degree murder. At the same time, the evidence would also have permitted the jury to return a verdict of manslaughter by act if the jury had received the correct instruction. I am hard pressed to believe that any reasonable jury would have found that the evidence in this case supported a theory of manslaughter by culpable negligence.”). Because the jury was properly provided the option of convicting Mr. Gland on the lesser-included offense of manslaughter by culpable negligence if it had found that the State had failed to prove the elements of second-degree murder, the error in the manslaughter by act instruction was not fundamental.
 
 See Barros-Dias,
 
 41 So.3d at 372.
 

 Affirmed.
 

 ALTENBERND and WALLACE, JJ, Concur.
 

 [1]
 

 . The instruction given by the trial court was the standard jury instruction at issue in
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010).