PER CURIAM.
We deny Demetrius Carey’s petition for writ of habeas corpus alleging one claim of fundamental error in light of the Florida Supreme Court’s decision in State v. Montgomery, 39 So.3d 252 (Fla.2010).
Then fourteen-year-old Carey was charged with first-degree murder and robbery with a firearm after shooting and killing victim Elene Carrasco during the course of a robbery. Following a jury trial, Carey was convicted of the lesser-included offenses of second-degree murder and robbery. He directly appealed his judgment and sentence, which this court per curiam affirmed.
On direct appeal, Carey claimed that the manslaughter jury instruction was fundamentally erroneous and resulted in the jury being incorrectly instructed on the next lesser-included offense from the conviction. He relied on Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), wherein the First District determined that the standard jury instruction for manslaughter by act is flawed where it suggested that “intent to kill” is an element of the crime. At the time of Carey’s appeal, discretionary review was pending in the Florida Supreme Court.
The supreme court approved the First District’s ruling on April 8, 2010, finding that the standard jury instruction on manslaughter did constitute fundamental error as it required the jury to find that the *405 defendant intended to kill the victim. See Montgomery, 39 So.3d at 252. Carey seeks renewed relief based upon this holding.
In Singh v. State, 36 So.3d 848 (Fla. 4th DCA 2010), this court distinguished Montgomery from instances in which a jury is also instructed on culpable negligence:
The court in Salonko v. State, [42 So.3d 801 (Fla. 1st DCA 2010) ], found this extra instruction to be enough to distinguish the case from Montgomery, explaining that the fundamental error in Montgomery “does not exist when the trial court gives an instruction on manslaughter by culpable negligence.” “Although the jury found, by its second-degree murder verdict, that Appellant did not intend to kill the victim, based on the instructions given, it could have returned a verdict for the lesser-included offense of manslaughter by culpable negligence while still honoring its finding that there was no intent to kill.”
Singh, 36 So.3d at 851; see also Nieves v. State, 22 So.3d 691, 692 (Fla. 2d DCA 2009) (“Furthermore, unlike Montgomery ..., the jury in Nieves’ case was also instructed on the lesser-included offense of manslaughter by culpable negligence.”). In Carey’s case, the jury was instructed on culpable negligence. Under Singh, Carey is not entitled to relief.
Carey further argues that the State failed to present any evidence that would have warranted the culpable negligence component of manslaughter. He relies on the Second District case, Haygood v. State, 54 So.3d 1035 (Fla. 2d DCA 2011), which affirmed Haygood’s second-degree murder conviction:
[Bjecause the trial court gave the jury both the erroneous manslaughter by act instruction and the culpable negligence manslaughter instruction. However, the Haygood court noted that “[ajrguably, the evidence presented at trial is inconsistent with a theory of manslaughter by culpable negligence.” Id. at 271. Because of this, the court certified a question regarding whether the error in the manslaughter by act instruction is fundamental when the jury is also instructed on a culpable negligence theory of manslaughter even though the evidence does not support that theory. Id.”
Pollock v. State, 64 So.3d 695, 697 (Fla. 2d DCA 2011) (italics emphasis added). The Florida Supreme Court has accepted discretionary review of Haygood.
Notwithstanding the supreme court’s ultimate determination, we do not find Hay-good to be controlling as our analysis is not wholly dependent upon the culpable negligence instruction having been given. The concerns raised by the First District in Montgomery do not apply here. The manslaughter jury instruction in Montgomery stated that:
1. (Victim) is dead.
2. a. (Defendant) intentionally caused the death of (victim).
Montgomery, 39 So.3d at 256. This led to confusion whereby the jurors may have thought that they had to find that Montgomery intentionally caused the death of the victim, even though intent is not a requirement for manslaughter.
The instruction given in Carey’s case, however, is distinguishable as it called upon jurors to determine that (a) the victim was dead and (b) that the death was caused by an intentional act by Carey (or culpable negligence). The language used in Carey’s case would be acceptable as it did not confuse jurors into thinking that Carey intended to cause the victim’s death, only that his act was intentional. As explained in Montgomery v. State, 70 So.3d *406 603 (Fla. 1st DCA 2009), and approved by our supreme court:
The manslaughter by act instruction would be more accurate if it provided that the State was required to prove that the defendant “committed an intentional act that caused the death of the victim.” Because this language is not present, the instruction is misleading.
Id. at 607 (emphasis added). Here, unlike in Montgomery, the jury was instructed that the victim’s death was caused by an intentional act by Carey. We, therefore, find that fundamental error did not occur in this case and deny the petition.

Petition Denied.

WARNER, POLEN and HAZOURI, JJ., concur.