ALTENBERND, Judge.
Herold Pierre-Louis appeals his judgments and sentences for second-degree murder and attempted second-degree murder. We affirm Mr. Pierre-Louis’s conviction and sentence for second-degree murder. We reverse his conviction and sentence for attempted second-degree murder and we remand for a new trial.
These convictions arise from a drive-by shooting in which one person was killed and another injured. There were several persons in the offending vehicles. The testimony at trial was conflicting as to whether Mr. Pierre-Louis was in one of the vehicles and, if so, whether he actually fired a weapon. The jury found that he did not possess or discharge a firearm and found him not guilty of unlawful discharge of a firearm. Thus, he was found guilty of second-degree murder and attempted second-degree murder as a principal.
The jury was instructed in this case with two controversial jury instructions. First, as to second-degree murder, Mr. Pierre-Louis received an instruction comparable to the instructions given in Barros-Dias v. State, 41 So.3d 370 (Fla. 2d DCA 2010), and Haygood v. State, 54 So.3d 1035, 1037 (Fla. 2d DCA), review granted, 61 So.3d 410 (Fla.2011). We affirm his judgment and sentence for second-degree murder for *127 the reasons discussed in those opinions and also because sufficient evidence exists to support Mr. Pierre-Louis’s conviction for second-degree murder as a principal. As we did in Haygood, we certify the following question to the Florida Supreme Court as one of great public importance:
IF A JURY RETURNS A VERDICT FINDING A DEFENDANT GUILTY OF SECOND-DEGREE MURDER IN A CASE WHERE THE EVIDENCE DOES NOT SUPPORT A THEORY OF CULPABLE NEGLIGENCE, DOES A TRIAL COURT COMMIT FUNDAMENTAL ERROR BY GIVING A FLAWED MANSLAUGHTER BY ACT INSTRUCTION WHEN IT ALSO GIVES AN INSTRUCTION ON MANSLAUGHTER BY CULPABLE NEGLIGENCE?
Second, as to attempted second-degree murder, Mr. Pierre-Louis received an instruction comparable to the instruction in Houston v. State, 87 So.Sd 1 (Fla. 2d DCA), review granted, 64 So.3d 1262 (Fla.), and appeal dismissed, 73 So.3d 760 (Fla.2011). As we have in the past, we reverse the judgment and sentence for attempted second-degree murder and remand for a new trial. In so doing, we certify conflict with Williams v. State, 40 So.3d 72 (Fla. 4th DCA), review granted, 64 So.3d 1262 (Fla.2011).
On retrial, we express no opinion as to whether the first jury’s verdict as to possession and discharge of a firearm has established any finding binding on the trial court or the next jury.
Affirmed in part, reversed in part, and remanded.
VILLANTI and BLACK, JJ., Concur.