PER CURIAM.
Robert Cummings, in the sole ground in his petition filed pursuant to Florida Rule of Appellate Procedure 9.141(d), contends that his appellate counsel was ineffective in failing to argue that the manslaughter by act instruction that was given as a necessarily lesser included offense of second-degree murder with a firearm[1] constituted fundamental error. We agree, and we reverse Cummings’ conviction for second-degree murder with a firearm, vacate the sentence, and remand for a new trial on that offense only.
Following a jury trial, Cummings was convicted of second-degree murder with a firearm.[2] The judgment and sentences were affirmed on direct appeal. Cummings v. State, 60 So.3d 394 (Fla. 2d DCA 2011) (unpublished table decision). Before the initial brief was filed in Cummings, the supreme court issued its opinion in State v. Montgomery, 39 So.3d 252, 259 (Fla.2010), wherein it held as follows:
Because Montgomery’s conviction for second-degree murder was only one step removed from the necessarily lesser included offense of manslaughter, under Pena [v. State, 901 So.2d 781 (Fla. 2005) ], fundamental error occurred in his case which was per se reversible where the manslaughter instruction erroneously imposed upon the jury a requirement to find that Montgomery intended to kill Ellis.
The same manslaughter by act instruction that was provided to Montgomery’s jury was also given in the present case. Had appellate counsel argued that based on the holding of Montgomery the manslaughter by act instruction was fundamentally erroneous, we would have been compelled to reverse Cummings’ conviction for second-degree murder with a firearm. We therefore conclude that appellate counsel rendered ineffective assistance in failing to so argue.
Because a new appeal would be redundant in this ease, we reverse Cummings’ conviction for second-degree murder with a firearm, vacate the sentence, and remand for a new trial on that count of the information only. See Ferrer v. State, 69 So.3d 360, 362 (Fla. 2d DCA 2011).
Petition granted.
CASANUEVA, DAVIS, and KELLY, JJ., Concur.

. Fla. Std. Jury Instr. (Crim.) 7.7.

. Cummings was convicted of three other offenses in addition to his conviction for second-degree murder with a firearm. Our decision in this case does not affect Cummings' other convictions.