PER CURIAM.
Jarvis D. Coleman (defendant) filed a petition with this court seeking a writ of habeas corpus, claiming manifest injustice associated with his second-degree murder conviction. Determining that a manifest injustice has occurred in this case, we grant the petition.
The defendant was convicted of second-degree murder and sentenced to a term of life in prison. He filed a direct appeal, and we affirmed his conviction and sentence. See Coleman v. State, 8 So.3d 1148 (Fla. 5th DCA 2009).
The defendant then filed a petition in this court seeking a writ of habeas corpus, alleging ineffective assistance of appellate counsel.[1] The petition alleged that the defendant’s appellate counsel was *194 ineffective for failing to challenge the trial court’s error in overruling the defendant’s objection to the issuance of the then-standard jury instruction on manslaughter; that instruction erroneously included an element of intent. The petition stated that appellate counsel should have filed a supplemental brief addressing the First District’s case of Montgomery v. State, 70 So.3d 603 (Fla. 1st DCA 2009), approved, 39 So.3d 252 (Fla.2010), because the opinion was released while the defendant’s direct appeal was pending. The Montgomery court held that the State was not required to prove an intent to kill in order to establish the crime of manslaughter, and that the issuance of an instruction suggesting otherwise constituted fundamental error where the defendant was convicted of second-degree murder. That petition was denied.
Soon thereafter, in Lopez v. State, 68 So.3d 332 (Fla. 5th DCA 2011), we held that appellate counsel was ineffective for failing to bring to this court’s attention the Montgomery decision while the defendant’s direct appeal was pending because the defendant’s appeal was in the appellate pipeline at the time Montgomery was released. We discussed that, although appellate counsel is not required to anticipate changes in the law, counsel is ineffective for failing to raise favorable cases decided by other jurisdictions during the pendency of a defendant’s direct appeal. Id. at 334.
Here, the defendant filed a second habeas corpus petition, asserting a claim of manifest injustice regarding our denial of his first habeas corpus petition. He again contends that his appellate counsel was ineffective for failing to file a supplemental brief during his direct appeal alerting this court to the Montgomery decision, citing to Lopez.
Normally, under the doctrine of law of the case, our court would deny a successive petition in circumstances where the issue raised therein has already been rejected by the court in a previous proceeding. See Mediate v. State, 108 So.3d 703 (Fla. 5th DCA 2013). However, “appellate courts have ‘the power to reconsider and correct erroneous rulings [made in earlier appeals] in exceptional circumstances and where reliance on the previous decision would result in manifest injustice.’ ” State v. Akins, 69 So.3d 261 (Fla. 2011) (citing Muehleman v. State, 3 So.3d 1149,1165 (Fla.2009)). We conclude that manifest injustice would result if relief were not granted in this case.
Although the defendant’s appellate counsel filed the initial brief prior to the issuance of Montgomery, counsel had time to file a supplemental brief referencing Montgomery, and counsel had the duty to do so. See Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005) (discussing that appellate counsel should be aware of changes in the law and should have filed a supplemental brief during the pendency of an appeal where brief was filed before the law change, but the law change occurred prior to completion of the appeal). The issuance of this court’s decision in Lopez, coupled with the procedural history of the defendant’s case, establishes that a manifest injustice has occurred which requires remediation.
Accordingly, we grant the defendant’s petition in which he requested that, in the interest of justice and judicial economy, a new trial be ordered.
PETITION GRANTED.
SAWAYA, PALMER and ORFINGER, JJ., concur.

. The issue of appellate counsel’s ineffectiveness is appropriately raised in a petition for writ of habeas corpus. Marshall v. Crosby, 911 So.2d 1129 (Fla.2005).