PER CURIAM.
Virón ■ Paul (“Defendant”) appeals the order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Defendant has previously been denied relief. However, for the reasons discussed below, we conclude that this is one of those rare, exceptional cases where the failure to grant relief would result in a manifest injüstice. We therefore reverse the order on appeal and remand for a new trial.
To explain why we are granting Defendant relief, we compáre Defendant’s case with that of his brother, Vishaul Paul. Defendant and his brother were indicted for first-degree murder of an individual who was allegedly having an affair with Vi-shaul’s wife. Defendant and Vishaul were tried separately in 2009. A full recitation of the evidence heard by the juries is not necessary to demonstrate the significant similarities in the two cases, other than to note the following: there was testimony that this was a revenge killing in which Defendant struck the victim in the head with a baseball bat; Defendant provided Vishaul with the machete that was used to slit the victim’s throat; and Defendant was aware of Vishaul’s intent when he provided the machete to Vishaul. Defendant and Vishaul were both found guilty of second-degree murder and sentenced to life in prison. Both filed a direct appeal with this court. From that point, however, their cases took very different paths.
Vishaul argued on appeal that the trial court fundamentally erred in giving the manslaughter by intentional act instruction disapproved of in State v. Montgomery, 39 So.3d 252 (Fla.2010).[1] We affirmed Vi-shaul’s conviction and sentence, aligning ourselves at the time with three other district courts of appeal “in holding that giving the manslaughter by culpable negligence instruction distinguishes Montgomery and addresses the primary concern which led to a determination that the giving of the manslaughter by act instruction constituted fundamental érror.” Paul v. State, 63 So.3d 828, 830 (Fla. 5th DCA 2011), decision quashed, 137 So.3d 1021 (Fia.2014) (unpublished, table opinion), opinion withdrawn, 137 So.3d 465 (Fla. 5th DCA 2014). Vishaul appealed our decision to the Florida Supreme Court, which accepted jurisdiction.
In contrast, although the same fundamentally erroneous manslaughter by intentional act jury instruction was given in his case, Defendant did not raise this as an issue in his direct appeal. Approximately one year after his brother’s case was decided by our court, we affirmed Defendant’s conviction and sentence without an opinion, Paul v. State, 144 So.3d 555 (Fla. 5th DCA 2012) (unpublished table decision), thereby precluding Defendant’s ability to seek review with the Florida Supreme Court. See Jenkins v. State, 385 So.2d 1356, 1359 (Fla.1980) (holding that the Florida Supreme Court lacks jurisdiction to review per curiam decisions of district courts of appeal issued without opinion).
While Vishaul’s case was pending before the Florida Supreme Court, that Court issued its opinion in Haygood v. State, 109 So.3d 735 (Fla.2013), holding
*1156 that giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.
Id. at 743. Subsequently, the Florida Supreme Court quashed our opinion in Vi-shaul’s case and remanded it to our court for reconsideration upon application of the decision in Haygood. Paul v. State, 137 So.3d 1021 (Fla.2014) (unpublished table decision). On remand, citing to Haygood, we withdrew our previously entered opinion and reversed and remanded for Vi-shaul to have a new trial. Paul v. State, 137 So.3d 465 (Fla. 5th DCA 2014).
Just before the Florida Supreme Court released its opinion in Haygood, Defendant filed a petition with our court, seeking a writ of habeas corpus based upon alleged ineffective assistance of his appellate counsel for failing to raise on direct appeal the fundamentally erroneous jury instruction argument pursuant to Montgomery. We denied Defendant’s amended petition without opinion. Approximately six months later, primarily because Vi-shaul was granted a new trial by our court, Defendant filed a successive petition for writ of habeas corpus, also seeking a new trial. We denied this petition without opinion. However, while his successive petition was pending before this court, Defendant also timely filed the instant rule 3.850 motion for postconviction relief, asserting, among other grounds, that his trial counsel was constitutionally ineffective for failing to object to the fundamentally erroneous manslaughter by intentional act instruction. The lower court initially viewed this ground as having merit under Haygood. Nevertheless, the trial court summarily denied the claim, reasoning that giving the flawed instruction was fundamental error that should have been raised on direct appeal. The lower court also concluded that Defendant could not establish prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he had twice raised this issue with our court and had been denied relief.
An appellate court has “the power to reconsider and correct erroneous rulings [made in earlier appeals] in exceptional circumstances and where reliance on the previous decision would result in manifest injustice.” Coleman v. State, 128 So.3d 193, 194 (Fla. 5th DCA 2013) (alteration in original) (quoting State v. Akins, 69 So.3d 261 (Fla.2011)). Here, based on the significant similarities in their cases, a manifest injustice will occur if this court, having granted Vishaul a new trial, denies Defendant the same relief.
Accordingly, in the interest of justice, we reverse the order on appeal, reverse Defendant’s conviction and sentence, and remand for a new trial.[2]
REVERSED and REMANDED.
COHEN and WALLIS, JJ., concur.
LAMBERT, J., concurs and concurs specially, with opinion.

. In Montgomery, the court held that the standard manslaughter by intentional act instruction was erroneous because, contrary to the instruction, "manslaughter by act does not require that the State prove that the defendant intended to kill the victim.” 39 So.3d at 255. The court concluded that giving this erroneous instruction constituted fundamental error where Montgomery was convicted of second-degree murder, an offense only, one step removed from manslaughter, Id. at 259.

. Based upon our resolution of this case, we do not address the other grounds raised by Defendant on appeal.