IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JONATHAN PAGE,

     Petitioner,

 v.                                                                                    Case No.  5D16-1860

STATE OF FLORIDA,

     Respondent.

_____/

Opinion filed September 30, 2016

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Jonathan Page, Milton, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Respondent.


PER CURIAM.

     In March 2010, following a jury trial, Jonathan Page was convicted of second-degree murder, attempted first-degree murder, and attempted robbery.  Because one of the lesser included offenses for second-degree murder was manslaughter, the trial court instructed the jury on the elements necessary for the State to prove manslaughter, utilizing, without objection, the then standard manslaughter by intentional act jury instruction.

One month after Page's trial, the Florida Supreme Court held that the same standard manslaughter by intentional act jury instruction that was used in Page's trial was incorrect because, contrary to the language in the instruction, "the crime of manslaughter by act does not require that the State prove that the defendant intended to kill the victim." *State v. Montgomery*, 39 So. 3d 252, 255 (Fla. 2010). The court further concluded that giving this erroneous jury instruction would constitute fundamental error in cases where the defendant was convicted of second-degree murder, an offense only one step removed from manslaughter. *Id.* at 259.

Much like the defendant in *Montgomery*, Page was also convicted of second-degree murder. However, on direct appeal, Page's counsel did not argue that Page was entitled to relief pursuant to *Montgomery*. Instead, counsel filed what is commonly referred to as an *Anders* brief,[1] concluding that there were no arguable grounds for reversal apparent in the record. In defense of Page's appellate counsel, we note that several of our sister courts had ruled that where, as here, the trial court had also given the manslaughter by culpable negligence jury instruction, the fundamental error described in *Montgomery* was alleviated. *See Salonko v. State*, 42 So. 3d 801 (Fla. 1st DCA 2010); *Singh v. State*, 36 So. 3d 848 (Fla. 4th DCA 2010); *Nieves v. State*, 22 So. 3d 691 (Fla. 2d DCA 2009).[2] However, while Page's direct appeal was pending, the Second District certified a question of great public importance to the Florida Supreme Court as to whether

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] In *Paul v. State*, 63 So. 3d 828 (Fla. 5th DCA 2011), we aligned ourselves with these courts. The Florida Supreme Court later quashed this opinion in *Paul v. State*, 137 So. 3d 1021 (Fla. 2014), and we thereafter withdrew our opinion. *Paul v. State*, 137 So. 3d 465 (Fla. 5th DCA 2014).

fundamental error still occurs where the flawed manslaughter by act instruction and the manslaughter by culpable negligence instruction are both given, the defendant is found guilty of second-degree murder, and the evidence at trial does not support the theory of manslaughter by culpable negligence. *Haygood v. State*, 54 So. 3d 1035, 1038 (Fla. 2d DCA 2011).

Page's counsel did not request an opportunity to provide supplemental briefing or to otherwise bring the Second District's *Haygood* opinion to our attention, nor did this court independently request additional briefing from the parties. *See State v. Causey*, 503 So. 2d 321, 322 (Fla. 1987) (explaining that upon the filing of an *Anders* brief, appellate courts must conduct an independent review of "the record to the extent necessary to discover any errors apparent on the face of the record"). Shortly thereafter, we affirmed Page's convictions and sentences without opinion. *Page v. State*, 56 So. 3d 23 (Fla. 5th DCA 2011).

In 2013, the Florida Supreme Court addressed the Second District's certified question in *Haygood*. The court slightly rephrased the question and specifically held that giving the manslaughter by culpable negligence jury instruction does not cure the fundamental error resulting from the use of the flawed manslaughter by act instruction where the defendant is convicted of second-degree murder and the evidence at trial supports manslaughter by act, but does not support manslaughter by culpable negligence. *Haygood v. State*, 109 So. 3d 735, 737 (Fla. 2013). Not long after the court's opinion in *Haygood*, Page sought relief in our court, alleging ineffective assistance of his appellate counsel for not raising, on his direct appeal, the same fundamental error argument described in *Montgomery*. Page's petition was dismissed without elaboration.

3

Page's most recent petition seeking habeas corpus relief is presently before us. Page contends that it is manifestly unjust that he is now serving life in prison for second-degree murder when an admittedly fundamental error occurred at his trial from the use of the flawed manslaughter by act jury instruction and the error has not previously been remediated by this court, despite two earlier opportunities to do so. Page argues that this error has been compounded by our court affirming his direct appeal, without opinion, and failing to mention his *Montgomery* claim when we dismissed his subsequent ineffective assistance of appellate counsel proceeding, thereby thwarting his ability to seek further review with the Florida Supreme Court. *See Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980) (holding that the Florida Supreme Court lacks jurisdiction to review per curiam decisions of district courts of appeal issued without opinion).

"[A]ppellate courts have 'the power to reconsider and correct erroneous rulings [made in earlier appeals] in exceptional circumstances and where reliance on the previous decision would result in manifest injustice.'" *State v. Akins*, 69 So. 3d 261, 268 (Fla. 2011) (second alteration in original) (quoting *Muehleman v. State*, 3 So. 3d 1149, 1165 (Fla. 2009) (additional citations omitted)). On two prior occasions, we have granted habeas corpus relief to petitioners convicted of second-degree murder based upon the application of the manifest injustice doctrine arising from the use of the same fundamentally flawed manslaughter by act jury instruction at trial, despite those petitioners' earlier unsuccessful appeals. *See Paul v. State*, 183 So. 3d 1154 (Fla. 5th DCA 2015); *Coleman v. State*, 128 So. 3d 193 (Fla. 5th DCA 2013). Consistent with these cases, we find that habeas corpus relief is appropriate here.

4

Accordingly, we reverse Page's conviction and sentence for second-degree murder and remand for a new trial on this count. Page's separate convictions and sentences for attempted first-degree murder and attempted robbery are not affected by this opinion.[3]

PETITION FOR WRIT OF HABEAS CORPUS GRANTED.

COHEN and WALLIS, JJ., concur.
LAMBERT, J., concurs and concurs specially, with opinion.

---

[3] Page is currently serving a thirty-year prison sentence for the attempted first-degree murder. Page was also sentenced to a concurrent five-year prison sentence for the attempted robbery, which he has now completed.

LAMBERT, J., concurring and concurring specially. 5D16-1860

I concur with the majority opinion granting Page habeas corpus relief because it is consistent with our opinions in *Paul v. State*, 183 So. 3d 1154 (Fla. 5th DCA 2015), and *Coleman v. State*, 128 So. 3d 193 (Fla. 5th DCA 2013). However, as explained in my concurring opinion in *Paul*, but for the Florida Supreme Court's opinions in *Montgomery* and *Haygood*, I would affirm Page's conviction and sentence for second-degree murder because, in my view, although the use of the manslaughter by intentional act instruction was error, it was not fundamental error.