NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

|  |  |  |
|---|---|---|
| VINCE E. WARDLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2D16-370 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Opinion filed March 10, 2017.

Petition for Writ of Habeas Corpus to
the Circuit Court for Lee County;
Mark A. Steinbeck, Judge.

Vince E. Wardlow, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Tonja Rene Vickers,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.

Vince E. Wardlow filed a petition for writ of habeas corpus challenging his

second-degree murder conviction. For the reasons explained below, we grant his

petition, reverse his judgment and sentence, and remand for a new trial.

On June 21, 2007, a jury found Mr. Wardlow guilty of second-degree

murder. Mr. Wardlow appealed his judgment and sentence, filing his initial brief on

September 5, 2008, and his amended initial brief on October 20, 2008. The State filed its answer brief on January 12, 2009. This court affirmed his judgment and sentence without written opinion on May 6, 2009. Wardlow v. State, 11 So. 3d 365 (Fla. 2d DCA 2009) (table decision).

During the pendency of Mr. Wardlow's direct appeal, the First District issued its opinion in Montgomery v. State, 70 So. 3d 603, 604-05 (Fla. 1st DCA 2009), holding that the then-standard jury instruction for manslaughter by intentional act was fundamentally erroneous because it added an element of intent not present in the statutory definition of the crime. The Florida Supreme Court subsequently approved this opinion, holding that the then-standard jury instruction constituted fundamental error because Montgomery was convicted of second-degree murder, an offense only one step removed from manslaughter. State v. Montgomery, 39 So. 3d 252, 259 (Fla. 2010).

Mr. Wardlow's jury received the same standard instruction, but despite the First District's opinion in Montgomery, which issued nearly three months before this court affirmed Mr. Wardlow's judgment and sentence, his appellate counsel did not argue that the instruction constituted fundamental error. Shortly after we affirmed Mr. Wardlow's conviction on direct appeal, he challenged this omission in a petition alleging ineffective assistance of appellate counsel filed under Florida Rule of Appellate Procedure 9.141(c).[1] This court denied the petition without written opinion or citation. Wardlow v. State, 19 So. 3d 993 (Fla. 2d DCA 2009) (table decision).

---

[1]Petitions alleging ineffective assistance of appellate counsel are now filed under rule 9.141(d). See In re Amendments to Fla. Rules of Criminal Procedure 3.850 & 3.851, 72 So. 3d 735, 738 (Fla. 2011).

Subsequently, this court granted petitions in two other cases alleging ineffective assistance of appellate counsel, holding that the petitioners' appellate counsel were ineffective for failing to seek supplemental briefing based on the First District's opinion in Montgomery, which issued after the petitioners filed their initial briefs and the State filed its answer briefs but before this court affirmed the petitioners' judgments and sentences. See Henry v. State, 98 So. 3d 1193, 1194 (Fla. 2d DCA 2012) ("Henry's initial brief was filed October 13, 2008, and the State's answer brief was filed December 24, 2008 . . . . However, this court did not issue its decision in Henry's direct appeal until April 29, 2009. . . . [A]ppellate counsel in Henry's direct appeal had an opportunity after Montgomery issued to seek leave to submit supplemental briefing on the issue of whether the attempted manslaughter by act instruction was fundamentally erroneous based on the reasoning in Montgomery. Appellate counsel's failure to seek such leave constituted deficient performance."); Banek v. State, 75 So. 3d 762, 764 (Fla. 2d DCA 2011) ("[T]he initial brief was filed on December 16, 2008, and the answer brief was filed on January 5, 2009—both prior to the issuance of the First District's Montgomery opinion. However, because our per curiam affirmance in Banek did not issue until three months after the issuance of the First District's opinion, appellate counsel should have sought to file a supplemental brief.").

At the time Mr. Wardlow filed his petition, this court had not held that the then-standard jury instruction constituted fundamental error, and even after the supreme court's Montgomery opinion issued, this court held that the error in the standard instruction was not fundamental when, as in Mr. Wardlow's case, the jury was also instructed on manslaughter by culpable negligence. See Barros-Dias v. State, 41 So.

3d 370, 372 (Fla. 2d DCA 2010), Nieves v. State, 22 So. 3d 691, 692 (Fla. 2d DCA 2009). However, had this court denied Mr. Wardlow's petition with an opinion or a citation, Mr. Wardlow could have sought and obtained relief from the Florida Supreme Court. See Haygood v. State, 109 So. 3d 735 (Fla. 2013) (quashing this court's decision and holding that the trial court's fundamental error in giving the erroneous jury instruction on manslaughter by act was not cured by also instructing the jury on manslaughter by culpable negligence); Nieves v. State, 184 So. 3d 1148 (Fla. 2d DCA 2015) (holding on remand from the supreme court that the jury instruction for manslaughter by act constituted fundamental error, reversing the conviction and remanding for a new trial); Barros-Dias v. State, 141 So. 3d 674 (Fla. 2d DCA 2014) (same); see also Walden v. State, 162 So. 3d 84, 84 (Fla. 4th DCA 2014) ("If this Court had provided a citation to Williams, where we had certified a question of great public importance and conflict on the issue, Walden could have obtained relief from the Florida Supreme Court and would be entitled to a new trial. Because it would be manifestly unjust to deny him the same remedy, we grant habeas corpus relief."); Wimberly v. State, 162 So. 3d 73, 74-75 (Fla. 4th DCA 2014) (granting relief on remand from the Florida Supreme Court after the Fourth District denied the petition alleging ineffective assistance of appellate counsel with citation to an opinion holding the erroneous instruction for attempted manslaughter by act was not fundamental error).

"Under Florida law, appellate courts have 'the power to reconsider and correct erroneous rulings [made in earlier appeals] in exceptional circumstances and where reliance on the previous decision would result in manifest injustice.' " State v. Akins, 69 So. 3d 261, 268 (Fla. 2011) (alteration in original) (quoting Muehleman v.

State, 3 So. 3d 1149, 1165 (Fla. 2009)).  In order to avoid manifest injustice, both the Fourth and Fifth Districts have granted new trials to petitioners after denying without citation or explanation ineffective assistance of appellate counsel claims based on the failure to argue the fundamental error explained in Montgomery.  See Page v. State, 201 So. 3d 207 (Fla. 5th DCA 2016) (granting the petitioner's petition for writ of habeas corpus after denying the petitioner's ineffective assistance of appellate counsel claim without explanation or citation); Paul v. State, 183 So. 3d 1154 (Fla. 5th DCA 2015) (holding that although the court twice denied Paul's petitions for writ of habeas corpus that challenged the jury instruction held to be fundamental error in Montgomery, manifest injustice would result if Paul was not afforded a new trial); Gibson v. State, 152 So. 3d 696, 696 (Fla. 4th DCA 2014) ("Had this court provided a citation to Williams in our denial of Gibson's first petition, Gibson could have obtained relief from the Florida Supreme Court.  Because it would result in a manifest injustice to deny Gibson the same relief, we grant the petition and remand for a new trial." (citations omitted)); Coleman v. State, 128 So. 3d 193, 194 (Fla. 5th DCA 2013) (granting a successive petition claiming ineffective assistance of appellate counsel after a prior petition arguing a Montgomery claim was denied without explanation).  Because we conclude that to deny Mr. Wardlow relief under these circumstances would result in a manifest injustice, we grant Mr. Wardlow relief.

Mr. Wardlow has established that the denial of his petition filed under rule 9.141(c) without written opinion or citation is an incongruous and unfair result.  The Attorney General has conceded that the manslaughter by act instruction given to Mr. Wardlow's jury "would be fundamental, reversible error" under current law.  See Horne

v. State, 128 So. 3d 953, 956 (Fla. 2d DCA 2013) ("This court applies the law in effect at the time of the appeal to determine whether counsel's performance was deficient, but it applies current law to determine whether the petitioner is entitled to relief."). Our review of Mr. Wardlow's record on direct appeal does not reveal that he expressly conceded that that the person who killed the victim did so with "a depraved mind regardless of human life." See § 782.04(2), Fla. Stat. (2006). Thus, consistent with Page, Paul, Gibson, and Coleman, we grant Mr. Wardlow's petition, reverse his judgment and sentence for second-degree murder, and remand for a new trial. See Griffin v. State, 160 So. 3d 63, 69 (Fla. 2015) (holding that unless a defendant expressly concedes the issue of intent, the issue is in dispute and the erroneous addition of the element of intent in the jury instruction for manslaughter by act is fundamental error that requires reversal when the defendant is convicted of second-degree murder).

Petition granted.


SILBERMAN, SLEET, and ROTHSTEIN-YOUAKIM, JJ., Concur.