NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| MORRIS CRENSHAW, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )  Case No. 2D17-4187 |
| | ) |
| STATE OF FLORIDA, | ) |
| | ) |
| Appellee. | ) |
| _____ | ) |

Opinion filed August 15, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Sarasota County; Thomas Krug, Judge.

Morris Crenshaw, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa,
for Appellee.


KHOUZAM, Judge.

Morris Crenshaw appeals the postconviction court's denial of his petition

for writ of habeas corpus, which it treated as a motion filed pursuant to Florida Rule of

Criminal Procedure 3.850.  We treat the appeal as an original petition for writ of habeas

corpus to correct a manifest injustice.  See Carswell v. State, 23 So. 3d 195, 196 (Fla.

4th DCA 2009).

Crenshaw correctly argued in past proceedings in this court that the trial court committed fundamental error in giving an erroneous instruction on manslaughter when he was convicted of second-degree murder, a crime one step removed from manslaughter. See State v. Montgomery, 39 So. 3d 252, 254, 257 (Fla. 2010) (holding that standard jury instruction on second-degree murder improperly imposed intent as an additional element on the lesser-included offense of manslaughter and constituted fundamental error); see also Griffin v. State, 160 So. 3d 63, 68-69 (Fla. 2015) (holding that if a defendant claims he is not the perpetrator, intent is still at issue and thus, erroneous jury instruction is fundamental error); Daniels v. State, 121 So. 3d 409, 418-19 (Fla. 2013) (holding that giving of erroneous manslaughter instruction was fundamental error because the record reflected that the issue of whether Daniels intentionally caused decedent's death was disputed and was pertinent and material to what the jury had to consider in reaching its verdict). This court, however, denied him relief in those earlier proceedings. See Crenshaw v. State, 211 So. 3d 1036 (Fla. 2d DCA 2016) (denying petition for writ of habeas corpus); Crenshaw v. State, 129 So. 3d 1073 (Fla. 2d DCA 2013) (denying petition alleging ineffective assistance of appellate counsel); Crenshaw v. State, 49 So. 3d 754 (Fla. 2d DCA 2010) (per curiam affirmance). But an appellate court has the power to reconsider and correct its erroneous rulings made in earlier appeals and original proceedings to prevent a manifest injustice. See State v. Akins, 69 So. 3d 261, 268 (Fla. 2011); Wardlow v. State, 212 So. 3d 1091, 1093-94 (Fla. 2d DCA 2017).

Crenshaw's argument has merit because it would be manifestly unjust to deny him relief under these circumstances where this court and other district courts

have given similarly situated appellants the benefit of Montgomery and have reversed for a new trial. See Cummings v. State, 103 So. 3d 1048, 1048 (Fla. 2d DCA 2013) (reversing denial of petition alleging ineffective assistance of appellate counsel for failing to argue that the manslaughter instruction was fundamental error where the initial brief was filed after the supreme court's decision in Montgomery issued); Curry v. State, 64 So. 3d 152, 155 (Fla. 2d DCA 2011) (granting postconviction relief because appellate counsel did not request supplemental briefing to raise improper jury instruction after supreme court issued Montgomery); Del Valle v. State, 52 So. 3d 16, 18-19 (Fla. 2d DCA 2010) (holding appellate counsel provided ineffective assistance by failing to argue that giving the then-standard manslaughter by act was fundamental error when initial brief was filed after the First District's opinion in Montgomery was issued); Kerney v. State, 217 So. 3d 138, 143 (Fla. 3d DCA 2017) (vacating conviction for second-degree murder and remanding for a new trial to prevent a manifest injustice under similar facts); Paul v. State, 183 So. 3d 1154, 1156 (Fla. 5th DCA 2015) (reversing order denying Paul a new trial when his brother was granted a new trial "based on the significant similarities in their cases" where a manifest injustice would occur if Paul were not granted relief).

Petition granted, order vacated, conviction and sentence for second degree murder reversed, and case remanded for new trial on that charge only.

LaROSE, C.J., and BADALAMENTI, J., Concur.

- 3 -