PER CURIAM.
 

 Frank Salonko, Appellant, seeks reversal of his convictions for second-degree murder and aggravated assault. He raises several issues on appeal, only one of which merits discussion. Citing this Court’s opinion in
 
 Montgomery v. State,
 
 — So.3d - (Fla. 1st DCA 2009),
 
 review granted,
 
 11 So.3d 943 (Fla.2009), Appellant argues that the trial court fundamentally erred in instructing the jury that to prove manslaughter by act, the State had to show that he intentionally caused the death of the victim. The State concedes error on this point. However, we find the instant case distinguishable from
 
 Montgomery,
 
 and because this Court does not accept improper concessions of error by the State in criminal cases,
 
 [1]
 
 we affirm.
 

 Appellant was charged with first-degree murder. At trial, the court instructed the jury on second-degree murder and manslaughter as lesser-included offenses as follows:
 

 To prove the crime of manslaughter the State must prove the following two elements beyond a reasonable doubt: Number one, [the victim] is dead; 2A,
 
 *802
 
 Frank Salonko intentionally caused the death of [the victim] or, 2B, the death of [the victim] was caused by the culpable negligence of Frank Salonko.
 

 However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms.
 

 In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
 

 I will now define culpable negligence for you.
 

 Each of us has a duty to act reasonably toward others. If there is a violation of that duty without any conscious intent to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care towards others.
 

 In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
 

 The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily injury. Based on these instructions, the jury returned a verdict for second-degree murder, rather than manslaughter or first-degree murder.
 

 In
 
 Montgomery,
 
 the defendant was charged with first-degree murder, and the trial court instructed the jury on second-degree murder and manslaughter by act as lesser-included offenses. — So.3d at -. Although the instruction the trial court gave was the standard instruction at the time, we found it erroneous because it stated that an element of manslaughter by act was that the defendant “intentionally caused the [the victim’s] death.”
 
 Id.
 
 at -, -. We viewed this language as requiring the jury to find that the defendant intended to kill the victim in order to convict him of manslaughter by act.
 
 Id.
 
 at --. Bound by this Court’s prior opinion in
 
 Hankerson v. State,
 
 831 So.2d 235 (Fla. 1st DCA 2002), we held that the addition of the intent-to-kill element to manslaughter by act was fundamental error because the jury’s finding that the defendant did not intend to kill the victim, as evidenced by the second-degree murder verdict, precluded it from returning a verdict for manslaughter under the instructions given.
 
 Montgomery,
 
 — So.3d at -. We explained that the fundamental nature of this error resulted from the fact that because the jury found that the defendant did not intend to kill the victim, the instructions the trial court gave essentially directed a verdict for second-degree murder, precluding the jury from choosing the lesser-included offense one step removed.
 
 Id.
 
 This situation does not exist when the trial court gives an instruction on manslaughter by culpable negligence.
 
 See Nieves v. State,
 
 22 So.3d 691, 692 (Fla. 2d DCA 2009) (distinguishing
 
 Montgomery
 
 where the trial court gave an instruction on manslaughter by culpable negligence).
 

 
 *803
 
 Here, the trial court’s erroneous instruction did not interfere with the jury’s deliberative process in a way that tainted the underlying fairness of the entire proceeding because it instructed the jury on manslaughter by culpable negligence. Although the jury found, by its second-degree murder verdict, that Appellant did not intend to Mil the victim, based on the instructions given, it could have returned a verdict for the lesser-included offense of manslaughter by culpable negligence while still honoring its finding that there was no intent to Mil. Unlike in
 
 Montgomery,
 
 the jury in the instant case was not directed to choose the greater offense simply because the lesser-included offense would have improperly required a more depraved level of intent. Therefore, Appellant has not shown that fundamental error occurred under this Court’s opinion in
 
 Montgomery.
 
 Because Appellant has shown no reversible error, we AFFIRM.
 

 KAHN, LEWIS, and WETHERELL, JJ., concur.
 

 [1]
 

 .
 
 See Fichera v. State,
 
 688 So.2d 453, 453 (Fla. 1st DCA 1997) (affirming in part, despite the State’s concession of error);
 
 accord Strickland v. State,
 
 437 So.2d 150, 151-52 (Fla.1983) (acknowledging that it was erroneous to accept an improper concession of error in a prior case).