ROTHENBERG, J.
 

 The question we must resolve in this appeal is whether the trial court fundamentally erred by giving the then-existing standard jury instruction on manslaughter, as a lesser included offense of second degree murder. Based on the circumstances of this case, we find no fundamental error, and therefore affirm the defendant’s conviction for second-degree murder with a weapon.
 

 The defendant was charged with second-degree murder with a weapon, a knife. Manslaughter is a category one lesser included offense of second-degree murder. Section 782.07(1) provides that the crime of manslaughter may be committed by (1) act; (2) procurement; or (3) the culpable negligence of the defendant. When instructing the jury as to manslaughter, the trial court instructed the jury as to manslaughter by intentional act and manslaughter by culpable negligence. Without objection, the trial court relied on the standard manslaughter instruction in existence at the time,
 
 [1]
 
 and instructed the jury as follows:
 

 Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime. The lesser included crime indicated in the definition of second-degree murder is manslaughter.
 

 To prove the crime of manslaughter as a lesser included offense, the State must prove the following two elements beyond a reasonable doubt: Number one, Daniel Toyos is dead. Number two, (A) Ariel Cúbelo, also known as Jose Martinez, intentionally caused the death of Daniel Toyos or (B) the death of Daniel Toyos was caused by the culpable negligence of Ariel Cúbelo.
 

 However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms. In order to convict of man
 
 *265
 
 slaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause, [sic]
 

 I will now define culpable negligence for you. Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence; but culpable negligence is a[sic] more than a failure to use ordinary care toward others.
 

 In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life or of the safety of persons exposed to its dangerous effects or such an entire want of care as to raise a presumption of a conscious indifference to consequences or which shows wantonness or recklessness or a grossly careless disregard for the safety and welfare of the public or such an indifference to the rights of others as is equivalent to an intentional violation of such rights. The negligent act or omission must have been committed with an utter disregard for the safety of others.
 

 Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily injury.
 

 Following these instructions, the jury found the defendant guilty of second-degree murder, and he was later sentenced. This appeal followed.
 

 Although the defendant failed to object to the instructions given, he contends that the trial court fundamentally erred by giving the then-existing standard instruction on manslaughter arguing that based on the instruction given, the jury could have been misled into believing that before the jury could find him guilty of the lesser included offense of manslaughter, the jury would be required to find that he intended to cause the death of the victim. Because the instruction is misleading, the defendant claims the instruction created fundamental error requiring reversal of his conviction.
 

 The defendant relies on
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla. 2010). In
 
 Montgomery,
 
 the jury was instructed on the charged offense of first-degree premeditated murder and the lesser included offenses of second-degree murder and manslaughter. As to manslaughter, the trial court instructed the jury that the State was required to establish that “[the victim] is dead and ... that Mr. Montgomery intentionally caused her death.” After instructing the jury as to excusable and justifiable homicide, the trial court continued to read the standard jury instruction, instructing the jury as follows: “In order to convict of manslaughter by intentional act it is not necessary for the state to prove that the defendant had a premeditated design to cause death.”
 

 The jury found Montgomery guilty of the lesser included offense of second-degree murder with a weapon. On appeal, the First District reversed Montgomery’s conviction and remanded for a new trial, stating: “[W]e hold that intent to kill is not an element of manslaughter by act and that the trial court fundamentally erred in giving instructions that suggested the State was required to prove intent to kill to prove the crime of manslaughter.”
 
 Montgomery v. State,
 
 — So.3d-,(Fla. 1st DCA 2009). The First District reasoned that, because the jury found Montgomery guilty of second-degree murder, it found that he did not intend to kill the victim. Thus, by suggesting that the State was required to prove that Montgomery “intentionally caused” the victim’s death before the jury could find Montgom
 
 *266
 
 ery guilty of manslaughter, the manslaughter instruction precluded the jury from returning a verdict of guilt as to the lesser included offense of manslaughter by act.
 
 Id.
 
 at-. The First District certified conflict and certified a question of great public importance.
 

 On review, the Florida Supreme Court noted that, although section 782.07(1) “establishes three forms of manslaughter (by act, by procurement, or by culpable negligence),” the jury was instructed only on manslaughter by act, not manslaughter by procurement or culpable negligence, and “under Florida law, the crime of manslaughter by act does not require proof that the defendant intended to kill the victim.”
 
 Montgomery,
 
 39 So.3d at 256.
 

 After reviewing the standard instruction on manslaughter by act, the Florida Supreme Court agreed with the First District that the instruction could mislead the jury in believing “that in order to convict Montgomery of manslaughter by act, it had to find that he intended to kill [the victim].”
 
 Id.
 
 at 257. In determining whether the erroneous instruction constituted fundamental error, the Florida Supreme Court relied on the applicable standard:
 

 To justify not imposing the contemporaneous objection rule, “the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” In other words, “fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.” Failing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal.
 

 Id.
 
 at 258 (quoting
 
 State v. Delva,
 
 575 So.2d 643, 644-45 (Fla.1991) (citation omitted) (quoting
 
 Brown v. State,
 
 124 So.2d 481, 484 (Fla.1960);
 
 Stewart v. State,
 
 420 So.2d 862, 863 (Fla.1982))).
 

 In reliance upon this well-accepted standard, the Florida Supreme Court noted that the trial court was required to instruct the jury on manslaughter as it is a category one lesser included offense of the charged offense of first-degree murder, and where “the trial court fails to properly instruct on a crime two or more degrees removed from the crime for which the defendant is convicted, the error is not per se reversible, but instead is subject to a harmless error analysis.”
 
 Montgomery,
 
 39 So.3d at 259 (quoting
 
 Pena v. State,
 
 901 So.2d 781, 787 (Fla.2005)). However, because Montgomery was convicted of second-degree murder, which “was only one step removed from the necessarily lesser included offense of manslaughter, under
 
 Pena,”
 
 the erroneous manslaughter instruction constituted fundamental error.
 
 Montgomery,
 
 39 So.3d at 259.
 

 Based on the Florida Supreme Court’s recent decision in
 
 Montgomery,
 
 the defendant argues that reversal is required in the instant case. We disagree as the instant case is factually distinguishable from
 
 Montgomery
 
 and is on all fours with the First District’s opinion in
 
 Salonko v. State,
 
 42 So.3d 801 (Fla. 1st DCA 2010), a case in which the First District distinguished its own holding in
 
 Montgomery.
 
 In
 
 Salonko,
 
 the First District noted that the manslaughter instruction provided to the jury in
 
 Salonko
 
 differed from the instruction provided to the jury in
 
 Montgomery,
 
 in that the instruction given in
 
 Salonko
 
 included both the instruction as to manslaughter by act and manslaughter by culpable negligence. Specifically, the jury was instructed that:
 

 To prove the crime of manslaughter the State must prove the following two elements beyond a reasonable doubt:
 
 *267
 
 Number one, [the victim] is dead; 2A, Frank Salonko intentionally caused the death of [the victim] or, 2B, the death of [the victim] was caused by the culpable negligence of Frank Salonko.
 

 However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms.
 

 In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.
 

 I will now define culpable negligence for you.
 

 Each of us has a duty to act reasonably toward others. If there is a violation of that duty without any conscious intent to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care towards others.
 

 In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
 

 The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known or reasonably should have known was likely to cause death or great bodily injury.
 

 Following these instructions, the jury convicted Salonko of the lesser included offense of second-degree murder. On appeal, the First District distinguished its earlier decision in
 
 Montgomery,
 
 which the Florida Supreme Court approved in
 
 State v. Montgomery,
 
 39 So.3d at 256, and affirmed Salonko’s conviction for second-degree murder, reasoning as follows:
 

 Here, the trial court’s erroneous instruction did not interfere with the jury’s deliberative process in a way that tainted the underlying fairness of the entire proceeding because it instructed the jury on manslaughter by culpable negligence. Although the jury found, by its second-degree murder verdict, that Appellant did not intend to kill the -victim, based on the instructions given, it could have returned a verdict for the lesser-included offense of manslaughter by culpable negligence while still honoring its finding that there was no intent to kill. Unlike in
 
 Montgomery,
 
 the jury in the instant case was not directed to choose the greater offense simply because the lesser-included offense would have improperly required a more depraved level of intent. Therefore, Appellant has not shown that fundamental error occurred under this Court’s opinion in
 
 Montgomery.
 

 Salonko,
 
 42 So.3d at 803.
 

 We find, as the First District found in
 
 Salonko,
 
 that the instant case is factually distinguishable from
 
 Montgomery
 
 as the
 
 Montgomery
 
 jury did not receive an instruction on culpable negligence as did the jury in the instant case. In the instant case, the jury was therefore given an opportunity (an opportunity not available to the
 
 Montgomery
 
 jury) to convict the defendant of the lesser included offense of manslaughter by culpable negligence, which clearly does not require an intent to kill. Thus, we conclude, as the
 
 *268
 
 First District concluded in
 
 Salonko,
 
 that because the jury was instructed on both manslaughter by act and manslaughter by culpable negligence, there was no fundamental error requiring a reversal of the defendant’s conviction for second-degree murder. Accordingly, we affirm the defendant’s conviction for second-degree murder.
 

 Affirmed.
 

 [1]
 

 . The standard jury instruction has since been modified, and now reads: "In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death, only an intent to commit an act which caused death."
 
 In re Standard Jury Instructions in Criminal Cases
 
 — Report
 
 No. 2007-10,
 
 997 So.2d 403 (Fla.2008) (emphasis omitted).