RAMIREZ, C.J.
 

 Castro Guerra appeals the trial court’s final judgment of conviction and sentence for second degree murder, alleging that the trial court committed fundamental error when it instructed the jury that to find the defendant guilty of manslaughter, a lesser included offense, the jury had to find that he had the intent to kill. Based on our prior decision in
 
 Cubelo v. State,
 
 41 So.3d 263 (Fla. 3d DCA 2010), we affirm.
 

 As in
 
 Cúbelo,
 
 Guerra was charged with second-degree murder with a weapon, a knife. Manslaughter is a category one lesser included offense of second-degree murder. Section 782.07(1) Fla. Stat. (2003), provides that the crime of manslaughter may be committed by (1) act; (2) procurement; or (3) the culpable negligence of the defendant. When instructing the jury as to manslaughter, the trial court instructed the jury as to manslaughter by intentional act and manslaughter by culpable negligence. In
 
 Cubelo,
 
 we relied on
 
 Salonko v. State,
 
 42 So.3d 801 (Fla. 1st DCA 2010) to conclude that because the jury was instructed on both manslaughter by act and manslaughter by culpable negligence, there was no fundamental error requiring reversal of the defendant’s conviction for second-degree murder.
 
 Cubelo,
 
 41 So.3d at 268. Because Guerra also was charged with both manslaughter by act and manslaughter by culpable negligence, we conclude that there was no fundamental error requiring reversal of Guerra’s conviction for second-degree murder.
 

 Affirmed.