SCHWARTZ, Senior Judge.
 

 The appellant, who was charged with second-degree murder but convicted of manslaughter, seeks habeas corpus relief claiming that his appellate counsel in
 
 Daniels v. State,
 
 23 So.Sd 725 (Fla. 3d DCA 2009)(Table) was ineffective because he failed to raise a fundamental error claim based on
 
 State v. Montgomery,
 
 39 So.3d 252 (Fla.2010). We deny the motion because, under the circumstances of this case, including the fact that the jury was given a manslaughter by culpable negligence instruction, no harmful error in fact took place.
 
 Contreras-Mayahua v. State,
 
 40 So.3d 861 (Fla. 4th DCA 2010),
 
 Cubelo v. State,
 
 41 So.3d 263 (Fla. 3d DCA 2010), and
 
 Salonko v. State,
 
 42 So.3d 801 (Fla. 1st DCA 2010), which involve identical factual situations, require this result. In
 
 Cúbelo,
 
 for example, the court stated:
 

 We find, as the First District found in
 
 Salonko,
 
 that the instant case is factually distinguishable from
 
 Montgomery
 
 as the
 
 Montgomery
 
 jury did not receive an instruction on culpable negligence as did the jury in the instant case. In the instant case, the jury was therefore given an opportunity (an opportunity not available to the
 
 Montgomery
 
 jury) to convict the defendant of the lesser included offense of manslaughter by culpable negligence, which clearly does not require an intent to kill. Thus, we conclude, as the First District concluded in
 
 Salonko,
 
 that because the jury was instructed on both manslaughter by act and manslaughter by culpable negligence, there was no fundamental error requiring a reversal of the defendant’s conviction for second-degree murder.
 

 Cubelo
 
 at 267-268.
 

 Habeas corpus denied.