ROTHENBERG, J.
The defendant, Edwin Ivaldi (“Ivaldi”), who was convicted of second degree murder with a firearm, seeks habeas corpus relief claiming his appellate counsel was ineffective because he failed to raise on direct appeal the defective manslaughter by intentional act instruction provided to the jury. Fundamental error occurred and reversal of the second degree murder conviction is mandated because: the instruction given was exactly the same instruction the Florida Supreme Court concluded was defective in State v. Montgomery, 39 So.3d 252 (Fla.2010); manslaughter is just one step removed from Ivaldi’s second degree murder conviction; *335 and the jury was not also given a manslaughter by culpable negligence instruction. See Montgomery, 39 So.3d at 259; Moore v. State, 57 So.3d 240, 245 (Fla. 3d DCA 2011) (distinguishing Montgomery and finding no fundamental error requiring reversal because the jury was also instructed on manslaughter by culpable negligence); see also Daniels v. State, 46 So.3d 630, 630 (Fla. 3d DCA 2010); Cubelo v. State, 41 So.3d 263 (Fla. 3d DCA 2010).
Accordingly, we grant the petition for writ of habeas and remand for a new trial as to the charge of second degree murder with a firearm. We do not disturb Ivaldi’s conviction for possession of a firearm by a convicted felon.
Petition granted; remanded for new trial.