ON PETITION FOR WRIT OF HABEAS CORPUS
SUAREZ, J.
Felipe De La Hoz petitions for a writ of habeas corpus to vacate his April, 2010, second-degree murder conviction and to remand for a new trial pursuant to the decision in Haygood v. State, 109 So.3d 735 (Fla.2013). We have jurisdiction. Fla. R.App. P. 9.030(b)(3). We grant the petition based solely on the particular procedural history of his appeal.
De La Hoz was charged with and convicted of second degree murder with a firearm. His appeal claimed fundamental error in two of the jury instructions on lesser included offenses given at his trial: the Florida standard jury instruction for manslaughter-by-act and the Florida standard jury instruction for manslaughter by culpable negligence.[1] The Florida standard jury instruction for manslaughter-by-act given at his trial included the language, *103 “intentionally caused the death of.... ” The Florida Supreme Court in State v. Montgomery, 39 So.3d 252 (Fla.2010), held that the giving of this instruction was error as the language erroneously required the jury to find that the defendant intended to kill the victim in order to find him guilty of manslaughter-by-act. The court further held that because Montgomery’s conviction for second-degree murder was only one step removed from the necessarily lesser included offense of manslaughter, the giving of the erroneous instruction was fundamental error and reversible per se. De La Hoz was also convicted of second-degree murder and the erroneous pre-Montgomery manslaughter-by-act instruction was given at his trial.[2] The Florida standard jury instruction on manslaughter by culpable negligence was also given at his trial. The Florida Supreme Court, in Haygood v. State, 109 So.3d 735 (Fla.2013), held that giving the manslaughter by culpable negligence instruction did not cure the fundamental error in giving the erroneous -pre-Montgomery manslaughter-by-act instruction where the defendant, as in this case, is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter-by-act, but does not reasonably support a finding of culpable negligence by the defendant. Hay-good was pending for review in the Florida Supreme Court at the same time as de la Hoz’ appeal on the identical issue at the Third District Court of Appeal.
The evidence in the Petitioner’s case did not support a theory of culpable negligence. The jury was left with the pre-Montgomery manslaughter-by-act instruction that improperly required proof of intent to kill. See Montgomery, 39 So.3d at 257. In fact, the record shows that the jury was struggling with the erroneous offense definitions, because the jury asked the question: “Manslaughter first, second degree? What is the difference in the meaning of intentionally cause the death and the death by the criminal act of?” By agreement, the trial court told the jury to refer to their copies of the instructions, which contained the flawed manslaughter definition.[3] The jury convicted De La Hoz of second degree murder with a firearm.
Haygood v. State, 109 So.3d 735 (Fla.2013), had been accepted by the Florida Supreme Court for review on May 5, 2011, while the Petitioner’s appeal was before the Third District Court of Appeal. In his initial brief, and at oral argument, the Petitioner argued that the instruction given to his jury on manslaughter-by-act was fundamentally erroneous under Montgomery, and where culpable negligence was unsupported by the evidence in his case, giving that particular additional instruction did not cure the error.[4] De La Hoz asked *104 this Court to certify the question to the Florida Supreme Court along with Hay-good because the issues were identical. This Court per curiam affirmed De La Hoz’s appeal on November 16, 2011. De La Hoz v. State, 77 So.3d 1268 (Fla. 3d DCA 2011) (Table). The Petitioner then timely requested a written opinion, or citation to Haygood, which would have allowed him to appeal that issue to the Florida Supreme Court, but this Court denied the motion.[5] On further timely motion filed by the Petitioner to stay or recall the mandate in order to allow him to seek discretionary review, this Court again denied the request.[6] The term of court ended on December 31, 2011, and the mandate issued in February, 2012.
The Florida Supreme Court decided Haygood on February 14, 2013, holding that the culpable negligence instruction did not cure the fundamentally erroneous manslaughter-by-act instruction — the identical instructions given in De La Hoz’s trial and the identical issue that he had timely challenged on direct appeal and by motion.
In its Response to this Petition, the State acknowledges that the Petitioner’s sole issue on direct appeal was whether the pre-Montgomery manslaughter-by-act instruction was fundamental error and, if so, whether that defect was cured by giving the manslaughter by culpable negligence instruction,[7] and correctly points out that the De La Hoz case was not in the Haygood “pipeline.” To have been in the Haygood “pipeline,” the case must have been stayed or pending on appeal when Haygood was decided in February, 2013.[8] See Mitchell v. Moore, 786 So.2d 521, 530 (Fla.2001) (recognizing that the “pipeline” theory allows a defendant to seek application of a new rule of law if the case is pending on direct review or not yet final at the time the new rule of law was announced). De La Hoz’s case was final in February, 2012, when the mandate issued, and thus this particular relief is unavailable.
The State also argues that Hay-good is not retroactively applicable to the Petitioner’s appeal. The State is again correct, but retroactivity is not the issue here. The issue is whether it is a manifest injustice, that — despite the best efforts of the Petitioner’s appellate counsel — the Petitioner’s appeal was prevented from accompanying Haygood for review in the *105 Florida Supreme Court on the identical issue that led to remand for a new trial in Haygood’s and others’ cases.[9]
The State further argues that Haygood is inapplicable because there was no reasonable evidence to support a finding that De La Hoz could have been convicted of culpable negligence. Thus, the State argues, the alternative instruction on culpable negligence was a meaningless gesture, and second degree murder was the only offense realistically available to the jury under the evidence presented. The problem with the State’s argument is that it leads to the inevitable conclusion that, even if Haygood were not applicable given the evidence, Montgomery clearly applies. The Petitioner’s jury was given the fundamentally erroneous pre-Montgomery Florida standard jury instruction on manslaughter-by-act which, in De La Hoz’ case, is fundamental error and reversible per se. Therefore, De La Hoz is still entitled to a new trial.[10]
At this point, the petitioner’s sole remedy is via habeas. Although this Court’s term expired in December, 2011, the Court may still grant habeas relief based on manifest injustice. Where the issue is deemed one of fundamental error, as it was in Haygood, the writ of habeas can be used to provide relief after the expiration of term of court in limited circumstances. See Minnich v. State, — So.3d —, 36 Fla. L. Weekly D216, 2011 WL 265765 (Fla. 1st DCA Jan.28, 2011); Zeno v. State, 910 So.2d 394 (Fla. 2d DCA 2005); Raulerson v. State, 724 So.2d 641 (Fla. 4th DCA 1999). In this case, the record clearly shows that the Petitioner’s appellate counsel made every timely procedural and legal effort to enable De La Hoz to seek discretionary review in the Florida Supreme Court on the Haygood issue. There was no legal or procedural impediment at that time to granting the relief requested by the Petitioner. Under these limited circumstances, where the record supports it, not to extend the same relief to De La Hoz as was provided to similarly situated defendants during the same time frame (see fn.9) is manifestly unjust.
We therefore grant the petition for writ of habeas corpus, vacate the Petitioner’s underlying conviction, and remand for a new trial pursuant to the holdings in Montgomery and Haygood.[11]
Writ of habeas corpus granted; conviction vacated, and remanded for new trial.

. At the time of De La Hoz’s trial in 2010, the standard jury instructions on manslaughter-by-act and culpable negligence provided, in relevant part:
To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:
1. (Victim) is dead.
2. a. (Defendant) intentionally caused the death of (victim).
[[Image here]]
However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms....
But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant.
Culpable negligence is a course of conduct showing reckless disregard for human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
*103 The negligent act or omission must have been committed with an utter disregard for the safety of others.
Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
Fla. Std. Jury Instr. (Crim.) 7.7. (2007).
Although the language used by the trial court departed slightly from the standard jury instructions, the instructions as given by the trial court were consistent with the standard instructions in use at that time.

. Montgomery was decided only several days before the conclusion of the Petitioner’s trial.

. See fn.2.

. In his direct appeal, De La Hoz acknowledged this Court’s holding in Cubelo v. State, 41 So.3d 263 (Fla. 3d DCA 2010), rev. granted, No. SC10-1759 (Fla. Sep. 7, 2010), concluding that giving an additional instruction for culpable negligence cured the erroneous manslaughter instructions. Cúbelo is currently pending before the Florida Supreme Court on order to Respondent, State of Florida, to *104 show cause why the Court should not accept jurisdiction, summarily quash the decision below, and remand for reconsideration in light of the Haygood decision.

.De la Hoz was unable to petition the Florida Supreme Court for review because that court does not use conflict jurisdiction to review a per curiam affirmance unsupported by written opinion. It could, however, review a per curiam affirmance with a citation to a case that is pending on review, which is what De La Hoz specifically asked for, but which relief this Court denied. See Persaud v. State, 838 So.2d 529, 532 (Fla.2003) (concluding the Florida Supreme Court’s discretionary review jurisdiction can be invoked only from a district court decision expressly addressing a question of law within the four comers of the opinion itself by statement or citation establishing the point of law upon which the decision rests).

. The Petitioner's timely motion to stay or recall the mandate was denied over Judge Schwartz's dissent, who indicated he would have granted the motion.

. At the time, the holdings in Cubelo v. State, 41 So.3d 263 (Fla. 3d DCA 2010), and Haygood v. State, 54 So.3d 1035 (Fla. 2d DCA 2011), were still applicable, as those cases had been accepted by the Florida Supreme Court for discretionary review, but not yet decided.

. De La Hoz could have become a “pipeline” case had this Court granted the Petitioner's motion to stay the mandate pending resolution of Haygood.

.This Court and other Florida district courts have granted certification to a number of appeals decided contemporaneously with De La Hoz and raising the same issue as presented in Haygood. For example, see Cubelo v. State, 41 So.3d 263 (Fla. 3d DCA 2010), rev. granted, No. SC10-1759 (Fla. Sep. 7, 2010); Garrido v. State, 76 So.3d 378 (Fla. 3d DCA 2011), rev. granted, No. SC12-60 (Fla. Jan. 10, 2012); Nieves v. State, 22 So.3d 691 (Fla. 2d DCA 2009), rev. granted, No. SC09-2216 (Fla. Dec. 2, 2009); McNealy v. State, 67 So.3d 1187 (Fla. 2d DCA 2011), rev. granted, No. SC11-1842 (Fla. Sep. 15, 2011); Salonko v. State, 42 So.3d 801 (Fla. 1st DCA 2010), rev. granted, No. SC 10-842 (Fla. Apr. 29, 2010). We note that all of these are currently proceeding on orders to show cause why the decisions should not be summarily quashed and remanded for reconsideration in light of the Haygood decision.

. The Florida Supreme Court decided Montgomery on April 8, 2010; De La Hoz was convicted thirteen days later, on April 21, 2010, with the same jury instructions on manslaughter-by-act deemed fundamentally erroneous by the Court in Montgomery.

. The grant of this petition is decided solely on the procedural history of this appeal. It in no way addresses, nor is it intended to address, the merits of the case.