On Remand From The Florida Supreme Court

PER CURIAM.
The defendant appealed from a conviction and sentence for second degree murder with a deadly weapon as a lesser included offense of first degree murder. This court affirmed. Moninger v. State, 52 So.Sd 696 (Fla. 4th DCA 2010). Our affirmance was based on State v. Montgomery, 39 So.3d 252 (Fla.2010), and this court’s opinion in Singh v. State, 36 So.3d 848 (Fla. 4th DCA 2010). In Singh, we held that giving the standard jury instruction on manslaughter was not fundamental error in a prosecution for first degree murder, where the defendant was convicted of the lesser included offense of second degree murder and the instruction on manslaughter required the jury to find that the defendant “intentionally caused the death” of the victim or that the death of the victim “was caused by the culpable negligence” of the defendant.
The defendant petitioned for review in the Florida Supreme Court. While the petition was pending, the Florida Supreme Court issued its opinion in Haygood v. State, 109 So.3d 735 (Fla.2013), which effectively quashed our decision in Singh. In Haygood, the Court held:
that giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.
Id. at 743. The Court, by order, then accepted jurisdiction of this case, quashed this court’s opinion, and remanded for reconsideration upon application of Haygood.
In light of Haygood, we hold that the trial court committed fundamental error in giving the standard jury instruction on manslaughter by act. We reverse and remand for a new trial on the charge of second degree murder.

Reversed and remanded for proceedings consistent with this opinion.

DAMOORGIAN, C.J., CONNER and FORST, JJ., concur.