ON REMAND FROM THE SUPREME COURT OF FLORIDA

PER CURIAM.
The defendant appealed from his convictions for second degree murder and three counts of aggravated assault with a firearm. This court affirmed. Dowe v. State, 39 So.3d 407 (Fla. 4th DCA 2010). Our affirmance on the second degree murder conviction was based on this court’s opinion in Singh v. State, 36 So.3d 848 (Fla. 4th DCA 2010). In Singh, we held that giving the standard jury instruction on manslaughter was not fundamental error in a prosecution for first degree murder, where the defendant was convicted of the lesser included offense of second degree murder and the instruction on manslaughter required the jury to find' that the defendant *36 “intentionally caused the death” of the victim or that the death of the victim “was caused by the culpable negligence” of the defendant. Id. at 851.
The defendant petitioned for review in the Florida Supreme Court. While the petition was pending, the Court issued its opinion in Haygood v. State, 109 So.3d 735 (Fla.2013), which effectively quashed our decision in Singh. In Haygood, the Court held:
that giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant.
Id. at 743. The Court then quashed this court’s opinion in this case, and remanded for reconsideration upon application of Haygood. Dowe v. State, No. SC14-86, 2014 WL 1647485 (Fla. Apr. 3, 2014).
On remand, after considering the parties’ supplemental briefing, we conclude that the evidence presented at trial did not reasonably support a finding that the victim’s death occurred due to the defendant’s culpable negligence. Therefore, we hold that the trial court committed fundamental error in giving the standard jury instruction on manslaughter by act.
Based on the foregoing, we reverse and remand for a new trial on the charge of second degree murder. We further instruct the trial court that if the outcome of the proceedings on remand would result in a recalculated sentencing scoresheet, then the trial court shall consider a revised scoresheet and resentenee the defendant on his convictions for three counts of aggravated assault with a firearm.

Reversed and remanded for proceedings consistent with this opinion.

TAYLOR, GERBER and LEVINE, JJ., concur.