ON REMAND FROM THE SUPREME COURT OF FLORIDA
VILLANTI, Judge.
Fagner Barros-Dias appealed his conviction and sentence for second-degree murder. This court affirmed the conviction and sentence based on our prior opinion in Zeigler v. State, 18 So.3d 1239,1245-46 (Fla. 2d DCA 2009), which held that the standard jury instruction on voluntary manslaughter that was in effect at the time of Barros-Dias’ trial in 2007 was not fundamentally erroneous, and the decisions in Salonko v. State, 42 So.3d 801 (Fla. 1st DCA 2010), and Singh v. State, 36 So.3d 848 (Fla. 4th DCA 2010), which held that fundamental error did not occur if the manslaughter instruction read by the court gave the jury the option to find the defen *675 dant guilty of manslaughter by culpable negligence. See Barros-Dias v. State, 41 So.3d 370 (Fla. 2d DCA 2010).
Subsequently however, in Haygood v. State, 109 So.3d 735, 737 (Fla.2013), the Florida Supreme Court held that giving the erroneous manslaughter by act jury instruction constitutes fundamental error even if the instruction on manslaughter by culpable negligence is given when the evidence actually presented at trial would not support a conviction for manslaughter by culpable negligence. Based on Haygood, the supreme court quashed this court’s opinion in Barros-Dias and remanded for reconsideration in light of Haygood. See Barros-Dias v. State, No. SC10-1682, 2014 WL 815114 (Fla.2014).
On remand, we requested supplemental briefing from the parties as to whether the evidence presented at trial was such that Barros-Dias would be entitled to a new trial under Haygood. Barros-Dias argues that he falls squarely within the holding of Haygood, and the State properly concedes that the evidence considered in light of the holding of Haygood mandates that Bar-ros-Dias receive a new trial. Hence, upon reconsideration in light of Haygood, we reverse Barros-Dias’ conviction for second-degree murder and remand for a new trial with proper instructions.
Reversed and remanded for a new trial.
WALLACE and LaROSE, JJ„ Concur.