ON REMAND
PER CURIAM.
In accordance with the Florida Supreme Court’s directive in Salonko v. *41 State, No. SC10-842, 2014 WL 628408, at *1 (Fla. Feb. 17, 2014), we have reconsidered this case pursuant to Haygood v. State, 109 So.3d 735 (Fla.2013). Upon doing so, we reverse Appellant’s conviction and sentence for second-degree murder and remand for a new trial. We affirm Appellant’s conviction and sentence for aggravated assault without further comment.
In State v. Montgomery, 39 So.3d 252, 254 (Fla.2010), the Florida Supreme Court held that the crime of manslaughter by act does not require the State to prove that a defendant intended to kill the victim and that giving the standard jury instruction on manslaughter, which required that the State prove the defendant’s intent to kill the victim, constituted fundamental error in the case before it. In Haygood v. State, 109 So.3d 735, 743 (Fla.2013), the Florida Supreme Court held that giving the erroneous manslaughter by act instruction is not cured by also instructing the jury on culpable negligence manslaughter where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act but does not reasonably support a finding that the death occurred due to the defendant’s culpable negligence.
In reconsidering this case, we hold that the erroneous manslaughter by act instruction constituted fundamental error. The State presented evidence at trial that Appellant, after having what was described as a heated telephone conversation with his former boss, brought a firearm to his former employer’s jobsite and shot in the direction of the former boss’s uncle after the uncle put himself in between Appellant and his former boss. This evidence did not reasonably support a finding that the victim’s death was caused by Appellant’s culpable negligence. See De La Hoz v. Crews, 123 So.3d 101, 103 (Fla. 3d DCA 2013) (holding that because the evidence in the case did not support a theory of culpable negligence manslaughter, the appellant, who was convicted of second-degree murder, was entitled to a new trial pursuant to Haygood); De La Hoz v. State, 997 So.2d 1198, 1199 (Fla. 3d DCA 2008) (noting that the appellant, the victim’s former boss, shot the victim during a physical altercation). Cf. Tillman v. State, 842 So.2d 922, 927 (Fla. 2d DCA 2003) (noting that culpable negligence is more than a failure to use ordinary care and is instead a course of conduct showing reckless disregard of human life or the safety of others and concluding that the evidence presented at trial was sufficient to prove manslaughter -with a firearm where the appellant, who had served in the army, was trained in the use of various firearms, and knew that a basic rule of gun safety required that all guns be treated as if they are loaded, admitted to pulling back and releasing the gun’s hammer while sitting very close to the victim and while playing with the victim’s gun); Berry v. State, 547 So.2d 969, 972 (Fla. 3d DCA 1989) (holding that the evidence at trial supported the manslaughter conviction by demonstrating culpable negligence where the appellant, who was playing with guns, pointed one of them at the victim and pulled the trigger with the belief that the gun was unloaded).
Accordingly, we AFFIRM Appellant’s conviction and sentence for aggravated assault, REVERSE Appellant’s conviction and sentence for second-degree murder and REMAND for a new trial.
LEWIS, C.J., WETHERELL and RAY, JJ., concur.