PER CURIAM.
Petitioner was convicted of two counts of aggravated assault with a firearm and because the trial court believed that it was statutorily mandated to do so, it imposed consecutive 20-year minimum mandatory sentences for each offense. On direct appeal, petitioner’s appellate counsel argued that the trial court had the discretion to impose the mandatory minimum sentences concurrently, but noting that case law of this court at the time was contrary to this position, requested that the court acknowledge that the issue was then pending review before the Florida Supreme Court. Petitioner’s convictions and sentences were per curiam affirmed, and the court subsequently denied appellate counsel’s motion requesting that as it had done in other similar cases, a written opinion be issued acknowledging by citation that the sentencing issue was pending before the supreme court.
Subsequently, in Williams v. State, 186 So.3d 989 (Fla.2016), the supreme court rejected the reasoning of the precedent of this court that required minimum mandatory sentences to be imposed consecutively and held that a trial court has discretion to impose such sentences concurrently. As the state forthrightly concedes, it would be manifestly unjust under these circumstances to deny petitioner the same remedy as was afforded the defendant in Williams, and we are therefore obliged to grant relief. See De La Hoz v. Crews, 123 So.3d 101 (Fla. 3d DCA), review dismissed, 132 So.3d 223 (Fla.2013). Accordingly, we grant the petition for writ of habeas corpus, vacate the sentences imposed for the aggravated assault offenses, and remand for resentencing on those counts in accordance with Williams.
PETITION GRANTED, sentences VACATED, and REMANDED for resentencing.
ROBERTS, C.J., WETHERELL and ROWE, JJ., concur.