# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-372
Lower Tribunal No. 03-1097
_____

**The State of Florida,**
Appellant,

vs.

**Castro Guerra,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for appellant.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender, for appellee.

Before LAGOA, EMAS and SCALES, JJ.

PER CURIAM.

The State appeals the trial court's order granting Castro Guerra's motion for postconviction relief and ordering a new trial. We affirm, holding that the trial court correctly determined that Guerra's case should have been placed in the Montgomery[1] pipeline and, had this occurred, Guerra would have obtained the same result (reversal and remand for a new trial) as those defendants whose very cases this court relied upon in originally affirming Guerra's conviction. See Guerra v. State, 44 So. 3d 226 (Fla. 3d DCA 2010) (affirming conviction and relying upon Cubelo v. State, 41 So. 3d 263 (Fla. 3d DCA 2010))[2] and Salonko v. State, 42 So. 3d 801 (Fla. 1st DCA 2010).[3]

The trial court granted relief, finding that Guerra should have been treated the same as the defendants in Cubelo and Salonko. We agree, and note that this court and our sister courts have afforded the same relief to similarly-situated defendants upon reconsideration in light of the Florida Supreme Court's decision in Haygood v. State, 109 So. 3d 735 (Fla. 2013). See, e.g., Moore v. State, 165 So. 3d 712 (Fla. 3d DCA 2015); Paul v. State, 183 So. 3d 1154 (Fla. 5th DCA 2015); Dowe v. State, 162 So. 3d 35 (Fla. 4th DCA 2014); Moninger v. State, 137 So. 3d

[1] State v. Montgomery, 39 So. 3d 252 (Fla. 2010).
[2] Quashed by the Florida Supreme Court in Cubelo v. State, 137 So. 3d 1019 (Fla. 2014) and, on remand, reversed and remanded for new trial in Cubelo v. State, 137 So. 3d 1193 (Fla. 3d DCA 2014).
[3] Quashed by the Florida Supreme Court in Salonko v. State, 137 So. 3d 1022 (Fla. 2014) and, on remand, reversed and remanded for new trial in Salonko v. State, 162 So. 3d 40 (Fla. 1st DCA 2014).

1129 (Fla. 4th DCA 2014); Smith v. State, 145 So. 3d 972 (Fla. 1st DCA 2014); Barros-Dias v. State, 141 So. 3d 674 (Fla. 2d DCA 2014).

While Guerra's case presents unique circumstances, the circumstances are not unprecedented, and we have on such previous occasions granted the very relief afforded by the trial court. See, e.g., De la Hoz v. Crews, 123 So. 3d 101 (Fla. 3d DCA 2013). We see no principled basis to distinguish Guerra's treatment from Cubelo and Salonko, and find no error in the trial court's order granting a new trial.[4]

Affirmed.

---

[4] We note, parenthetically, that during the pendency of this appeal, Guerra filed a petition with the Florida Supreme Court seeking belated discretionary review and habeas corpus relief. See Guerra v. State, No. SC14-2060. Guerra asserted in that petition that his appellate counsel in the direct appeal (not his present counsel) rendered ineffective assistance and affirmatively misadvised Guerra that there was no basis for discretionary review in the Florida Supreme Court. The Florida Supreme Court stayed that proceeding pending disposition of the instant appeal.