# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-392
Consolidated: 3D13-2443
Lower Tribunal No. 02-16964

_____

**Parrish Kerney,**
Petitioner/Appellant,

vs.

**The State of Florida,**
Respondent/Appellee.

A Case of Original Jurisdiction-Habeas Corpus-Case No. 3D15-392.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) –Case No. 3D13-2443, from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Carlos J. Martinez, Public Defender, and John Eddy Morrison, Assistant Public Defender; Benjamin S. Waxman, for petitioner/appellant.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for respondent/appellee.

Before WELLS, SALTER and LOGUE, JJ.*

WELLS, Judge.

In these cases, which we consolidate, we address Parrish Kerney's appeal from an order denying his Florida Rule of Criminal Procedure 3.850 post-conviction motion and his Florida Rule of Appellate Procedure 9.141(d)(5) petition for habeas corpus relief. For the following reasons, we affirm denial of his Rule 3.850 motion but grant his petition for habeas corpus relief and remand this matter to the court below for a new trial.

In July of 2002, Kerney was indicted for the first degree murder and strong arm robbery of Claudette Andrews. Ms. Andrews was found in her ransacked home covered with bruises, strangled to death, with a television set on her head. Kerney admitted that he had gone to return a plunger that he had borrowed from Ms. Andrews, who was his neighbor, and while there, he had been caught stealing money from her purse. According to Kerney, during an ensuing struggle, Ms. Andrews ended up on the floor where he "started squeezing" her neck until she had stopped breathing. While Kerney denied that he intended to kill Ms. Andrews, he did admit that after she was dead he masturbated, ejaculating on the floor, and then left with her money.

_____

* Judges Salter and Logue did not participate in oral argument in Case Number 3D13-2443.

At the close of Kerney's trial, the jury was instructed on manslaughter by act as follows:

1.  Claudette Andrews is dead;

2.  Parrish Kerney intentionally caused the death of Claudette Andrews; or the death of Claudette Andrews was caused by the culpable negligence of Parrish Kerney.

    However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms.

    In order to convict of manslaughter by intentional act, it is not necessary for the State to prove that the defendant had a premeditated intent to cause death.

    Kerney was convicted of second degree murder, and, as pertinent here, argued on appeal that pursuant to Montgomery v. State, 39 So. 3d 252 (Fla. 2010), it was reversible error to instruct the jury that "in order to convict [Kerney] of manslaughter by an intentional act, . . . the state [had to] prove [that Kerney] had the intent to cause the death of the victim."[1]  Kerney further argued that this error

---

[1]   As Montgomery further confirmed, the intent necessary for the crime of manslaughter by act is not the intent to kill but the intent to act which resulted in a death:

> We . . . hold that the crime of manslaughter by act does not require that the State prove that the defendant intended to kill the victim. We further hold that the intent which the State must prove for the {"pageset": "Sfc5"} purpose of manslaughter by act is the intent to commit an act that was not justified or excusable, which caused the death of the victim.

Montgomery, 39 So. 3d  at 259-260.

3

was not cured, as a number of other district courts had held, by also giving an instruction on manslaughter by culpable negligence:

> The trial judge in this case, unlike the judge in Montgomery, also instructed the jury they could convict defendant of manslaughter if they found he was culpably negligent. Several district courts of appeal have concluded if the trial judge gives the jury the opportunity to convict defendant of manslaughter by culpable negligence, the improper jury instruction of manslaughter by act is not fundamental error. See Nieves v. State, 22 So. 2d [sic] 691 (Fla. 2d DCA 2009) and Solandko[sic] v. State, __ So. 2d [sic] __, 2010 WL 480844 (Fla. 1st DCA 2010).

> However, a review of the facts in this case establishes that the inclusion of the culpable negligence instruction did not alleviate the prejudice of the improper manslaughter by act instruction since, there was no construction of the evidence which even remotely suggested that the crime in this case was caused by the culpable negligence of defendant.

This argument, as well as Kerney's other arguments, were rejected by this court in a per curiam opinion without citation. On February 18, 2011, the mandate in that case issued. By that time, notices to invoke jurisdiction in the Florida Supreme Court had already been filed in both Salonko (April 29, 2010) and Cubelo v. State, 41 So. 3d 263 (Fla. 3d DCA 2010) (September 7, 2010), seeking review of determinations from decisions determining that giving a culpable negligence instruction along with the erroneous manslaughter by act instruction in effect cured the manslaughter by act instruction error. See Cubelo, 41 So. 3d at 267-68 ("We find, as the First District found in Salonko, that the instant case is factually distinguishable from Montgomery as the Montgomery jury did not receive an

4

instruction on culpable negligence as did the jury in the instant case. . . . Thus, we conclude, as the First District concluded in Salonko, that because the jury was instructed on both manslaughter by act and manslaughter by culpable negligence, there was no fundamental error requiring a reversal of the defendant's conviction for second degree murder.").

While proceedings in the Florida Supreme Court in Salonko were stayed on June 9, 2010, pending disposition of Montgomery, by the time the mandate issued in Kerney's appeal on February 18, 2011, a notice had been filed in the Florida Supreme Court (February 9, 2011) seeking discretionary review of the Second District Court of Appeal's decision in Haygood v. State, 54 So. 3d 1035 (Fla. 2d DCA 2011). There, as in Salonko and Cubelo, the District Court of Appeal had held "that the erroneous [manslaughter by act] instruction was not fundamental error . . . because the jury was also instructed on manslaughter by culpable negligence." Haygood v. State, 109 So. 3d 735, 738 (Fla. 2013). On May 5, 2011, a little over two months after the mandate issued in Kerney's case, the Florida Supreme Court accepted jurisdiction in Haygood and simultaneously stayed further proceedings in this court's decision in Cubelo pending disposition of Haygood.

Despite the fact that the Miami-Dade County Public Defender's office was seeking Supreme Court review in Cubelo of the same issue raised and rejected in Kerney's appeal, it filed no motion to recall the mandate and made no effort to

5

secure a written opinion with citations to Salonko or otherwise so as to put Kerney in the Haygood "pipeline." On February 14, 2013, Haygood was decided, holding that "that giving the manslaughter by culpable negligence instruction does not cure the fundamental error in giving the erroneous manslaughter by act instruction where the defendant is convicted of an offense not more than one step removed from manslaughter and the evidence supports a finding of manslaughter by act, but does not reasonably support a finding that the death occurred due to the culpable negligence of the defendant." Haygood, 109 So. 3d at 741. The decisions in Salonko and Cubelo were quashed and remanded for reconsideration in light of Haygood. See Salonko v. State, 137 So. 3d 1022 (Fla. 2014); Cubelo v. State, 137 So. 3d 1019 (Fla. 2014).

A little over three months after the Supreme Court's decision in Haygood, Kerney filed the instant post-conviction motion claiming that Haygood is retroactive in application and by virtue of the fact that he was in the Montgomery pipeline, he should have been in the Haygood pipeline as well. The court below denied the motion, determining that it was not timely as having been filed more than two years after Kerney's judgment and sentence had become final and because Haygood is not retroactive in its application. We agree with both determinations and thus affirm the order denying his Rule 3.850 motion. See Fla. R. Crim. P. 3.850(b) (providing that "[n]o other motion [other than a motion to

6

vacate a sentence that exceeds the limits provided by law] shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final"); De La Hoz v. Crews, 123 So. 3d 101, 104 (Fla. 3d DCA 2013) (stating that Haygood is not retroactively applicable).

However, we reach a different result as to Kerney's timely filed Rule 9.141 petition for habeas corpus alleging ineffective assistance of appellate counsel. [2] That sworn petition filed four years to the day on which Kerney's judgment and sentence became final on direct review claimed, among other things, that his appellate attorney had misadvised Kerney as to his options after his conviction by leading him to believe any further action on his part would be of no merit and by listing the options available to Kerney without identifying the one option that might have provided him relief—the right to request a written opinion citing case law that would put him in the Haygood pipeline:

> Appellate counsel was under no obligation to file for discretionary review on Mr. Kerney's behalf. But, having just correctly argued in the brief that **Montgomery** controlled the outcome of this case, it was outside of professional standards of competence and diligence to then inform Mr. Kerney that this Court had granted a

[2] Florida Rule of Appellate Procedure 9.141(d)(5) states that "[a] petition alleging ineffective assistance of appellate counsel on direct review shall not be filed more than 2 years after the judgment and sentence become final on direct review unless it alleges under oath with a specific factual basis that the petitioner was affirmatively misled about the result of the appeal by counsel," and that "[i]n no case shall a petition alleging ineffective assistance of appellate counsel on direct review be filed more than 4 years after the judgment and sentence become final on direct review."

(non-existent) motion to withdraw as his attorney as though his appeal had no merits and an *Anders* brief had been filed. It was also outside professional competence to affirmatively tell Mr. Kerney some of his options without telling him the one option he most needed to know about: keeping this conviction from becoming final pending *Haygood* by asking this Court to amend its *per curiam* affirmed decision by including a citation to *Cubelo*, *Salonko* or any of the other similar decisions and then filing for discretionary review in the Supreme Court of Florida.

(Citation omitted).[3] The motion also argued that it was manifestly unjust under the circumstances to deny Kerney relief.

We need not determine which of these two grounds entitle Kerney to relief as both are sufficient to warrant relief. As this court's decision in De La Hoz confirms, even had Kerney been advised of his right to request a written opinion citing cases that would have allowed him to seek pipeline treatment, there was no guarantee that such relief would have been granted and, under circumstances of this case, it would be manifestly unjust to deny relief similarly accorded to many others in Kerney's position. 123 So. 3d at 104-105; see, e.g., Moore v. State, 165 So. 3d 712 (Fla. 3d DCA 2015); Dowe v. State, 162 So. 3d 35 (Fla. 4th DCA

_____

[3] A letter provided to Kerney by his appellate attorney advised him of four options: (1) a motion for rehearing; (2) a motion to mitigate sentence; (3) a motion for post-conviction relief; and (4) an action for federal post-conviction relief. No mention was made of a request for a written opinion or a citation PCA to Salonko or Cubelo which, as a number of other cases confirm, ultimately would have placed Kerney in the Haygood pipeline. See, e.g., Smith v. State, 43 So. 3d 923 (Fla. 1st DCA 2010) quashed, 137 So. 3d 1022 (Fla. 2014); Barros-Dias v. State, 41 So. 3d 370 (Fla. 2d DCA 2010) quashed, 137 So. 3d 1019 (Fla. 2014); see also Moninger v. State, 52 So. 3d 696 (Fla. 4th DCA 2010) quashed, 137 So. 3d 1021 (Fla. 2014).

8

2014); <u>Smith v. State</u>, 145 So. 3d 972 (Fla. 1st DCA 2014); <u>Barros-Dias v. State</u>, 141 So. 3d 674 (Fla. 2d DCA 2014); <u>Moninger v. State</u>, 137 So. 3d 1129 (Fla. 4th DCA 2014); <u>see also</u> <u>McKay v. State</u>, 988 So. 2d 51, 52 (Fla. 3d DCA 2008) (vacating a judgment on an untimely ineffective assistance of appellate counsel motion claiming manifest injustice); <u>Adams v. State</u>, 957 So. 2d 1183 (Fla. 3d DCA 2006) (granting relief based on manifest injustice on an untimely post-conviction motion).

Kerney's Rule 9.141 petition is, therefore, granted and Kerney's judgment and sentence for second degree murder is vacated with this matter being remanded to the court below for a new trial.[4]

---

[4] We reverse for a new trial because we agree that in this case the evidence "does not reasonably support a finding that [Ms. Williams'] death occurred due to the culpable negligence of the defendant." <u>See</u> <u>Haygood</u>, 109 So. 3d at 741.