# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4115

_____

LOUIS ANTHONY MCCRAE,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

July 9, 2019

RAY, C.J.

Louis Anthony McCrae appeals the denial of his petition for writ of habeas corpus collaterally attacking his 2004 judgment and sentence. The petition alleged that the circuit court caused a manifest injustice eight years ago by denying his prior postconviction challenge that raised the same claim he makes in the instant petition. The court properly treated the petition as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and summarily denied the motion. We affirm.

McCrae was convicted of second-degree murder and sentenced to thirty years in prison with a mandatory minimum of twenty-five years for the use of a firearm. This court upheld his conviction and sentence on direct appeal and mandate issued nearly fourteen

years ago in 2005. *McCrae v. State*, 908 So. 2d 1095 (Fla. 1st DCA 2005).

The next year, McCrae filed his first 3.850 motion alleging ineffective assistance of counsel. The summary denial of that motion was affirmed on appeal. *McCrae v. State*, 969 So. 2d 1022 (Fla. 1st DCA 2007). Then in 2010, McCrae filed a second 3.850 motion alleging that the trial court committed fundamental error when it gave the jury the standard instruction for manslaughter by act as a lesser included offense of second-degree murder. McCrae argued that the instruction erroneously included an intent-to-kill element, which prevented the jury from properly considering whether to convict him of manslaughter rather than second-degree murder. The postconviction court denied the motion as untimely and successive because it was filed more than two years after his conviction became final, and although he alleged a new ground for relief, his failure to raise the jury-instruction claim in his previous postconviction challenge was an abuse of process. The court also rejected McCrae's attempt to circumvent these procedural bars by asserting a claim of fundamental error under *Montgomery v. State*, 39 So. 3d 252 (Fla. 2010) (holding that giving the standard instruction for manslaughter by act as a lesser-included offense of second-degree murder constitutes fundamental error). The court distinguished *Montgomery* factually based on then-controlling precedent from this court and further concluded that *Montgomery* did not have retroactive effect. We affirmed. *McCrae v. State*, 54 So. 3d 494 (Fla. 1st DCA 2011).

Eight years later, McCrae filed the instant postconviction claim challenging the portion of the court's order that distinguished his case from *Montgomery*. He argued that he is now entitled to relief because the Florida Supreme Court's decision in *Haygood v. State*, 109 So. 3d 735 (Fla. 2013)*,* quashed the precedent relied on by the court to deny his 2010 postconviction motion. We disagree.

Although McCrae correctly argued the law as it relates to *Haygood*—overcoming one of the grounds for the denial of his 2010 motion—McCrae still cannot prevail because the error in the standard jury instruction was not recognized by the Florida Supreme Court until after McCrae's conviction became final.

2

Neither *Haygood* nor *Montgomery* apply retroactively. *Kerney v. State*, 217 So. 3d 138, 142 (Fla. 3d DCA 2017) (discussing *Haygood*); *Rushing v. State*, 133 So. 3d 943, 944 (Fla. 1st DCA 2010) (discussing *Montgomery*). This court issued its mandate in McCrae's direct appeal in 2005—nearly five years before the supreme court decided *Montgomery* and over seven years before *Haygood*. He therefore cannot rely on those cases to obtain postconviction relief. And because McCrae is not similarly situated to other defendants whose cases were not yet final when *Montgomery* was decided, denying him the same relief that those defendants received does not create a manifest injustice. *Cf. Peede v. State*, 955 So. 2d 480, 498 (Fla. 2007) (holding death row inmate could not rely on favorable Supreme Court decision that did not apply retroactively because his sentence became final long before that case was decided).

To the extent that McCrae argues retroactivity is not an issue because his claim is based on the law as it existed at the time of his trial rather than on a change in the law, the claim is untimely and successive. *See* Fla. R. Crim. P. 3.850(b) & 3.850(h)(2); *see also Baker v. State*, 878 So. 2d 1236, 1241 (Fla. 2004) (reaffirming that habeas petitions cannot be used for additional appeals of issues that could have been raised on direct appeal, or that have been raised in a previous 3.850 motion).

AFFIRMED.

B.L. THOMAS and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Louis Anthony McCrae, pro se, Appellant.

Ashley Moody, Attorney General, and Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.